# Southern Railway Co. *v.* Dickens.

*Killing Stock.*

(Decided June 17, 1909.    50 South. 109.)

1. *Justices of the Peace; Election; De Facto Officer.*—The acts of a de facto justice of the peace are valid and binding.

2 *Same; Appointment of Constable; Implied Repeal.*—Subdivision 3, section 2663, Code 1896, does not repeal section 979, Code 1896.

3. *Evidence; Best and Secondary.*—It is competent to prove by parol the contents of a summons and complaint issued by a justice of the peace, it having previously been shown that the same were lost.

4. *Limitations of Action; Commencement of Suit; Issue.*—Where there was no constable in the justice's precinct, and the justice was also a deputy sheriff, the fact that a summons and complaint were signed by and was in his hands, whether as justice or as deputy sheriff, did not make the complaint "issued" so as to stop the running of the statute if limitations, since the issuance of summons under such circumstances contemplate a delivery to and acceptance by an officer having power to execute it. (Section 2667, and 2814, Code 1906.)

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by C. Dickens against the Southern Railway Company for killing stock. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BESTOR, BESTOR & YOUNG, for appellant.—The court will look to the transcript and papers sent up as prima facie evidence of what happened and all that happened in the justice court.—*Woolf v. Parham,* 18 Ala. 441. The summóns was never issued.—Section 2667, Code 1896; *West v. Ingalls,* 101 Ala. 510; see also 42 C. C. A. 154; 26 N. Y. Supp. 98; 8 How. Pr. 500; 89 N. W. 1065; 25 Mo. App. 376. A justice of the peace is a judicial officer, while a constable or deputy sheriff is an executive officer, and process may be served only by persons designated in the Code to so act.—*McDugle v. Filmer,* 29 South. 996; *Kyle v. Kyle,* 55 Ind. 387.

INGE & McCORVEY, for appellee.—The evidence sufficiently shows that the summons was lost and its contents could be proven by parol.—*Pruitt v. Gunn,* 44 South. 569. If Lewis was a de facto officer, his process was valid.—*Materson v. Matthews,* 60 Ala. 260; *Thorington v. Gold,* 59 Ala. 461; *Moses v. Woodson,* 84 Ala. 613.

McCLELLAN, J.—The action is by appellee against appellant for damages for the negligent killing of an animal belonging to the appellee. All of the errors assigned and urged relate to ruling on the admissibility of evidence and giving or refusing charges to the jury.

The main contention of appellant is that the statute of limitations of one year forbade the recovery in this action. The undisputed facts in that connection were: Lewis was a de facto justice of the peace in September, 1903.—*Thorington v. Gould,* 59 Ala. 461, 468, 469; *Masterson v. Matthews,* 60 Ala. 260. His acts as such justice

were therefore valid and binding. The animal was kill-ed on December 17, 1902. On September 14, 1903, Lewis, as a justice of the peace, affixed his name to a summons and complaint in action to recover for the alleged wrong stated above. The paper was shown by proper testimony to be lost. Its contents were then capable of proof by parol. It was also shown without dispute that Lewis was during the period in question a deputy sheriff, and it is well understood that such an officer may serve such process as this. Subdivision 3, § 2663, Code 1896, cannot be taken as replacing Code 1896, § 979. It was further conclusively shown that there was no constable in the precinct wherein Lewis was de facto justice of the peace. Article 16 of the Constitution of 1875 exempted justices of the peace from the inhibition against holding two offices of honor and profit in this state. But, notwithstanding these considerations, it is insisted by appellant that the justice and the deputy sheriff being the same person, there was no summons issued, operating the commencement of the suit within the provisions of Code 1896, § 2667; and hence that the bar of one year was indisputably sustained.

The word "issued" is the key word of the statute for present purposes of interpretation. And in determining what it comprehends as necessary to the commencement of a suit and the cessation of the running of the statute of limitations, Code 1896, § 2814, should be considered in connection with section 2667. Section 2814 was considered in *West v. Engel*, 101 Ala. 509, 14 South. 333, and, construing the expression "suing out of the summons," it was there held that the summons was not sued out until it "passed from the hands of the clerk, properly signed by him, to the sheriff or other proper officer to be executed, or is sent by mail or otherwise to such officer with a bona fide intention to have it served." Many de-

cisions were reviewed in *West v. Engel,* and the conclusion seems to have been largely influenced by *Ross v. Luther,* 4 Con. (N. Y.) 158, 15 Am. Dec. 341. As interpreted in *West v. Engel, Ross v. Luther* held that the commencement of the action was the issuance of the summons, and that issuance comprehended a delivery of the process as ruled in *West v. Engel.* In other words, the expression "issuing out of the summons" was taken to be synonymous with issuing of the summons, and issuing was held to include, to perfect the commencement of the suit, the delivery of the process as stated in *West v. Engel.* We take *West v. Engel* to be authority for the ruling we make that the word "issued," when applied to process commencing a suit, operating on the cessation of the running of the statute of limitations, includes as a prerequisite that the process was delivered, or committed to an agency tending to delivery, to a proper officer for service. The inquiry here then narrows to this: Can a justice who is also an officer authorized to accept delivery and to execute such powers make the essential delivery by himself in one capacity to himself in another capacity? To meet the condition to issue of process, viz., delivery as stated, we do not think the mere mental operation of the individual having two capacities in which he may act can afford the delivery or acceptance necessary to effect the commencement of the suit. He cannot for this purpose be both the deliverer and acceptor. It was the early rule in England, and is so now in some of the states, that service and return to the writ should precede the commencement of the suit. Our statutes are said to have been enacted to avoid that rule. Under the rule, it was said that it allowed the suspension of statutes of limitation in the discretion of a party. If the same individual, having both judicial and executive powers to issue and execute respectively, may effect the

necessary delivery by mere mental conclusion hidden from the eye and involving no act whatever, the very purpose of the enactment of our statutes in this regard would be, in effect, defeated. It would be in his power to decide when the suit was commenced. He could say without fear of contradiction, or even investigation, that he did or did not deliver the process to the executing phase of his official being; and thereby possess an ungoverned discretion in the premises that might be employed to confer or defeat rights of parties concerned.

Nothing can be taken by the assumption that cases may arise where there is no one to whom to commit the process in a civil suit before a justice for service; because we have statutes that, if availed of, render, for practical purposes, such a condition impossible. Code 1896, §§ 979, 2663. Besides the whole scheme of process, issuance, and service includes the purpose to not blend the two powers—one judicial, generally speaking, and the other, generally speaking, executive. If a justice of the peace might be both issuer and executioner of processes in civil actions where, as here, the question of limitations may arise, or where other action is dependent upon when the process was, in fact, executed, the court itself might and would become in such case the source of proof of its own jurisdiction or whether the matter complained of had passed the period to remain an enforceable right. A predicament of that character should be avoided where it can be done according to methods provided and readily availed of upon occasion. The plea of statute limitations of one year was proven beyond dispute. The judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.