13 So.2d 674

## OPINION OF THE JUSTICES.

### No. 64.

Supreme Court of Alabama.

June 2, 1943.

To the Senate of Alabama
State Capitol
Montgomery, Alabama

Gentlemen:

Responding to your inquiry of May 26th, relative to the establishment of a War Emergency Council, under the provisions of House Bill No 66, we submit the following:

We duly appreciate the constitutional requirement that all legislation is vested in the Legislature by sections 43 and 44 of the Constitution, and that this power cannot be delegated; also that no money shall be paid out of the State treasury except by an appropriation made by a law enacted by the Legislature,—§ 72, Constitution; and this power cannot be delegated.

But it is consistent with both those requirements that the Legislature can appropriate an ascertainable sum of money to be paid under the direction of a State agency, for such public benefits as may be directed by such agency, in conformity to standards or definitions of legislative policy adopted and declared by the Legislature. Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775; State v. Inman, 239 Ala. 348, 195 So. 448; Dunn Construction Co. v. State Board, 234 Ala. 372, 175 So. 383; Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868; Ballenger Construction Co. v. State Board of Adjustment, 234 Ala. 377, 175 So. 387; Turner v. Lumbermens Mutual Ins. Co., 235 Ala. 632, 180 So. 300; Opp Cotton Mills v. Administrator of Wage and Hour Div. of Dept. of Labor, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624.

It is also observed that the Legislature shall set up standards for the guidance of the administrative agency and the procedure which shall be followed, including a record of the acts of the agency pursuant to such authority showing conformity to the standards which have been thus set up. Opp Cotton Mills v. Administrator of Wage and Hour Div. of Dept. of Labor, supra.

It could scarcely be contended that the finding of the council and the exercise of its powers under this act in respect to the conditions under which they are authorized to act would not be reviewable by the courts in the event that the delegated discretion should be abused. Commonwealth v. Johnson, 292 Ky. 288, 166 S.W.2d 409.

We wish also to cite the following additional authorities which were very helpful in the consideration of this case. State Highway Board v. Gates, 110 Vt. 67, 1 A. 2d 825; Prideaux v. Frohmiller, 47 Ariz. 347, 56 P.2d 628; In re Opinion of the Justices, 302 Mass. 605, 19 N.E.2d 807

■■■ It is our view, and we express the opinion to you, that the bill in question (House Bill No. 66, supra) does propose to make an appropriation by law to be enacted by the Legislature, of an ascertainable sum to be paid under the direction of a State agency for public benefits in conformity to standards or definitions adopted and declared in the bill which when enacted will be a declared legislative policy: that those standards as so declared conform to constitutional requirements, and, therefore, that the bill when duly enacted, as required by the Constitution, shall not violate section 43 (44) or 72 of the Constitution of Alabama.

In respect to Sections 42, 59 and 280 of the Constitution, we wish to make the following observations.

When the members of the Legislature are selected to serve under the proposed act, they do so as members of a board, not as members of the Legislature, nor as individuals. They are not ex officio members because they are also chairmen of certain legislative committees.

■■■ The legislator, who may be appointed on the board, is performing administrative acts wholly apart from that which he renders as a legislator. And the Legislature may validly select from their membership executive and administrative officers without violating Section 42 or 43 of the Constitution. Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L.R.A. 529, 46 Am.St.Rep. 98. There is no reason why he cannot be appointed on the board unless it is found in Section 59 or 280 of the Constitution. Section 59 of it prohibits a legislator "during the term for which he shall have been elected, (to) be appointed to any office of profit under this state, which shall

have been created, or the emoluments of which shall have been increased during such term, except such offices as may be filled by election by the people."

■■■ The inquiry hinges on what is an office of profit under this state. The Court of Appeals of New York in People v. Tremaine, 252 N.Y. 27, 168 N.E. 817, 821, have discussed the question under somewhat similar circumstances. Two members as chairmen of legislative standing committees, were made ex officio members This was said to confer administrative powers on two of its members, holding that it cannot engraft executive duties upon a legislative officer without giving them civil appointment to administrative offices. The Constitution prohibited a member from receiving "any civil appointment within this State * * * during the time for which he shall have been elected." Const.1894, art. 3, § 7. This was held to mean "any placing in civil office or public trust, pertaining to the exercise of the powers and authority of the civil government of the state." It will be noted that means any "civil appointment." Ours is "any office of profit under this state.' Each state can adopt its own policy, manifested by the language used. The Alabama policy manifested in the Constitution of 1875 was interpreted in Montgomery v. State, 107 Ala. 372, 18 So. 157, 158, prior to the Constitutional Convention of 1901. In it, the term "civil office of profit" was under consideration. We are not here concerned with the omission of "civil," but with the meaning of an office of profit. In that case, the connotation of an "office" was emphasized. The term certainly means a public office. We have in several cases pointed out the distinction under our system between a public office and a public employment. Jefferson County v. Case, ante, p. 56, 12 So.2d 343; State ex rel. Hyland v. Baumhauer (State ex rel. Mantell v. Baumhauer), ante, p. 1, 12 So.2d 326.

■■■ In those cases we gave careful consideration to the meaning of an "office" in this state for the purpose then in hand. It is in broad terms that he must be invested with a portion of the sovereign power of the state. It is the same here. Under the definitions there given, we think that the members of the Legislature who may be elected members of the council under authority of the proposed bill No. 66,

supra, will be thereby "appointed to any office of profit under this state" as set out in Section 59, Constitution of 1901, noting that the act carries compensation for the service rendered. However, we wish to say that the result above announced would be different if no compensation were provided for members of the Legislature who were appointed to membership on the council, and that provision for their actual expenses alone would not be treated as such compensation

For like reason the proposed bill, as now set up, will violate Section 280 of the Constitution because it carries with it compensation.

Respectfully submitted,
LUCIEN D. GARDNER
Chief Justice.
WILLIAM H. THOMAS
Associate Justice.
VIRGIL BOULDIN
Associate Justice.
ARTHUR B. FOSTER
Associate Justice.
J. ED. LIVINGSTON
Associate Justice.
THOMAS S. LAWSON
Associate Justice.

To the Senate of Alabama
Capitol
Montgomery, Alabama.

Gentlemen:

I am of opinion that Section 72 of the Constitution, when interpreted in the light of its history and the evils it was intended to remedy, as stated by Justice Brickell in Smith v. Speed, 50 Ala. 276, requires an appropriation for a specific purpose. State ex rel. Turner v. Henderson, 199 Ala. 244, 245, 74 So. 344, L.R.A.1917F, 770.

I am further of opinion that the effect of the enactment of the proposed bill into law, assuming that this may be done, is an abdication by the Legislature of its power over any surplus in the state treasury after meeting other appropriations, and a delegation of their power to the proposed board.

I concur in the thought expressed by the other Justices that said bill, if enacted, would violate Section 59 of the Constitution.

Respectfully submitted,
JOEL B. BROWN
Associate Justice
Supreme Court of Alabama.