158

47 So.2d 591

## In re OPINION OF THE JUSTICES.
### No. 111.

Supreme Court of Alabama.
July 7, 1950.

——◆——

Senate Resolution No. 9
By Messrs. Coleman and Clayton
SR 9—Requesting an advisory opinion of
the Supreme Court of Alabama as to
whether the office of Commissioner of Public Welfare is an office of profit under the
State of Alabama within the meaning of
Section 280 of the Constitution of Alabama.
Whereas, Section 34 of Title 13 of the Code
of Alabama (1940) provides that either
house of the Legislature may obtain the
written opinion of the Justices of the Su-

preme Court of Alabama on any important
constitutional question, therefore

Be It Resolved by the Senate of Alabama:

1. The Justices of the Supreme Court are
requested to give their written opinion on
the following question: Is the Office of
Commissioner of the State Department of
Public Welfare created by Section 4 of Title 49 of the Code of Alabama (1940) an office of profit under the State of Alabama
within the meaning of Section 280 of the
Constitution of Alabama?

The Senate of Alabama
State Capitol
Montgomery, Alabama
Gentlemen:

We are in receipt of Senate Resolution
No. 9, which is as follows:

"The Justices of the Supreme Court are
requested to give their written opinion on
the following question: Is the Office of
Commissioner of the State Department of
Public Welfare created by Section 4 of Title 49 of the Code of Alabama (1940) an office of profit under the State of Alabama
within the meaning of Section 280 of the
Constitution of Alabama?"

We are of the opinion that the Commissioner of the State Department of Public
Welfare holds an office of profit under this
state within the meaning of § 280 of the
Constitution of Alabama.

We will not undertake here to give
a comprehensive definition of an office of
profit within the meaning of § 280 of the
Constitution or of an officer, nor will we review all of our decisions as they bear upon
these subjects. Suffice it to say that in legal parlance probably few words have a
greater variety of meaning or shades of
meaning than the words "office" and "officer." On account of this variety of meaning attaching to the words "office" and "officer" as used in various statutes and constitutional provisions, the adjudicated cases
do not always, or even often, furnish safe
guides by which to determine with absolute
certainty whether or not a given employment is an office within the meaning of the
statutes and constitutional provisions.

Every case must of necessity be determined by consideration of the particular facts and circumstances · involved. Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422.

We have carefully considered the statutory provisions which relate to the· State Department of Public Welfare and which provide for the appointment of the Commissioner of Welfare and define his duties. Chapter 1, Title 49, Code 1940.

█ The functions of the State Department of Public Welfare are executive and administrative. That department has been recognized by the lawmaking body as meeting an important need and has been given a wide field of labor. Tuscaloosa County v. Walker et al., 235 Ala. 293, 178 So. 543. The Commissioner of Public Welfare is by law made part and parcel of this governmental· setup. He is the active salaried man of greatest responsibility, through and by whom the whole organization functions in large measure over the entire state. In our opinion the Commissioner of Public Welfare is invested with a portion of the sovereign power of this state.

We have considered the statutory provisions which provide for the appointment of the Commissioner of Public Welfare and which define his duties in the light of certain expressions contained in the case of State v. Sanders, 187 Ala. 79, 65 So. 378, L. R.A. 1915a, 295, from which it might be argued that the Commissioner of Public Welfare holds a position under the State Department of Public Welfare rather than under the State of Alabama. But the opinion in the case of State v. Sanders, supra, must be considered in connection with the constitutional provision there under consideration, namely, § 281 of the Constitution. Several decisions of this court rendered subsequent to the Sanders case, supra, have pointed this out. Hard, State Comptroller, v. State ex rel. Baker, 228 Ala. 517, 154 So. 77; Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422.

We are aware of the fact that the Commissioner of Public Welfare has no fixed term of office in that he serves at the pleasure of the State Board of Public Welfare, the appointing authority. Likewise, the statutes do not fix the amount of his salary. It is fixed by the Governor, not to exceed $5700 per annum. § 4, Title 49, Code 1940. But we do not think it can be said that the Commissioner of Public Welfare does not hold an office of profit within the meaning of § 280 of the Constitution merely because there is no fixed term of office and the amount of his compensation is not definitely fixed by statute. We point out here that § 280 contains no language, as does § 281, which limits its field of operation to officers having a fixed term of office.

It is true that where salary and term are definitely fixed by law, such facts are strongly persuasive that the position is an office rather than employment. State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211. However, in several recent cases we have had occasion to point out that one can be an officer of this state, rather than an employee, although his term of office and salary are not fixed by law. Jeffers v. Wharton et al., 240 Ala. 21, 197 So. 358; State ex rel. Hyland v. Baumhauer et al. (State ex rel. Mantell v. Baumhauer), 244 Ala. 1, 12 So.2d 326; Jefferson County v. Case, 244 Ala. 56, 12 So.2d 343.

In In re Opinion of the Justices, 244 Ala. 386, 13 So.2d 674, the opinion was expressed that a bill providing for the creation of a War Emergency Council to consist of the Governor, as chairman, and eight members of the legislature of Alabama, who were to be compensated for their services, would violate §§ 59 and 280 of the Constitution. Such opinion was not predicated on the fact that there was a fixed term of office and that the compensation was fixed by law. It was there said:

"The inquiry·hinges on what is an office of profit under this state. The Court of Appeals of New York in People v. Tremaine, 252 N.Y. 27, 168 N.E. 817, 821, have discussed the question under somewhat similar circumstances. Two members as chairmen of legislative standing committees, were made ex officio members. This was said to confer administrative powers on two of its members, holding that it cannot engraft executive duties upon a legislative officer without giving them civil appoint-

ment to administrative offices. The Constitution prohibited a member from receiving 'any civil appointment within this State * * * during the time for which he shall have been elected.' Const. 1894, art. 3, § 7. This was held to mean 'any placing in civil office or public trust, pertaining to the exercise of the powers and authority of the civil government of the state.' It will be noted that means any 'civil appointment.' Ours is 'any office of profit under this state.' Each state can adopt its own policy, manifested by the language used. The Alabama policy manifested in the Constitution of 1875 was interpreted in Montgomery v. State, 107 Ala. 372, 18 So. 157, 158, prior to the Constitutional Convention of 1901. In it, the term 'civil office of profit' was under consideration. We are not here concerned with the omission of 'civil,' but with the meaning of an office of profit. In that case, the connotation of an 'office' was emphasized. The term certainly means a public office. We have in several cases pointed out the distinction under our system between a public office and a public employment. Jefferson County v. Case, [244 Ala. 56], 12 So. 2d 343; State ex rel. Hyland v. Baumhauer (State ex rel. Mantell v. Baumhauer), [244 Ala. 1], 12 So.2d 326.

"In those cases we gave careful consideration to the meaning of an 'office' in this state for the purpose then in hand. It is in broad terms that he must be invested with a portion of the sovereign power of the state. It is the same here. Under the definitions there given, we think that the members of the Legislature who may be elected members of the council under authority of the proposed bill No. 66, supra, will be thereby 'appointed to any office of profit under this state' as set out in Section 59, Constitution of 1901, noting that the act carries compensation for the service rendered. However, we wish to say that the result above announced would be different if no compensation were provided for members of the Legislature who were appointed to membership on the council, and that provision for their actual expenses alone would not be treated as such compensation.

"For like reason the proposed bill, as now set up, will violate Section 280 of the Constitution because it carries with it compensation." 244 Ala. 390-391, 13 So.2d 678. (Emphasis supplied).

In view of the foregoing, we are of the opinion that the Commissioner of Public Welfare holds an office of profit under this state within the meaning of § 280 of the Constitution.

Respectfully submitted,

ARTHUR B. FOSTER
Associate Justice

J. ED. LIVINGSTON
Associate Justice

THOMAS S. LAWSON
Associate Justice

DAVIS F. STAKELY
Associate Justice.