150 So.2d 204

**Thomas McKinley ALEXANDER**

**v.**

**STATE of Alabama ex rel. David W. CARVER.**

**6 Div. 708.**

Supreme Court of Alabama.

Feb. 7, 1963.

Wm. H. Ellis, Birmingham, for appellee.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

PER CURIAM.

Appellee filed in the Circuit Court of Jefferson County a proceeding in the nature of quo warranto to challenge the legal right of appellant to serve as Chief of Police of the City of Graysville, Alabama.

The complaint, as amended, charges that defendant usurps, intrudes into, and unlawfully holds without warrant of law the office of Chief of Police of the City of Graysville, Alabama, while at the same time holding and occupying the office of Constable of Beat 38 in and for Jefferson County con-

trary to the provisions of § 5, Title 41, Code of Alabama, Recompiled 1958.

Plaintiffs pray in the alternative that the court will order, adjudge and decree that the respondent is illegally holding this office of Chief of Police of said City of Graysville, Alabama, and has no authority to occupy the same, and that the court shall prohibit him further from exercising any and all rights, privileges and duties of said office.

The trial court entered final judgment that the offices of constable and chief of police each is an office of profit within the meaning and inhibition of said § 5, Title 41, supra, and ousting and excluding defendant from holding said office of chief of police, the defendant having vacated this office when he qualified as constable.

We will not undertake to detail grounds of demurrer filed by the defendant to the complaint as amended, which the court overruled, nor of the demurrer to defendant's answer, which the court sustained. According to our view, the pleadings and assignments of error, as succinctly stated by appellant in his brief, present on this appeal two questions as follows:

(1) Does the chief of police of a municipal corporation organized under the laws of this state hold an "office of profit under this state"; and

(2) Does § 5 of Title 41, Code of Alabama, Recompiled 1958, deprive a person of a right granted and guaranteed him by § 280 of the Constitution of Alabama of 1901, i. e., may a person occupy the office of constable and also hold another office of profit under the state at one and the same time?

We will first consider whether the office of Chief of Police of Graysville is an office of profit within the purview of § 5, Title 41, Code of Alabama, Recompiled 1958, said section, so far pertinent hereto, reading as follows:

"Persons ineligible to office.—The persons who are ineligible to, and dis-

qualified for holding office under the authority of this state, are:

\* \* \* \* \* \*

"7. No person holding an office of profit under the United States, shall, during his continuance in such office, hold any office of profit under this state; nor shall any person hold two offices of profit at one and the same time under this state, except notaries public."

A very informative and interesting history of the origin and development of municipal government as applied to cities and towns, authored by the late and eminent Justice deGraffenried of the Supreme Court, appears in the case of State ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 So. 31.

█ Counties and cities are political subdivisions of the state, each created by sovereign power in accordance with sovereign will, and each exercising such power, and only such power, as is conferred upon it by law. Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757.

█ Municipalities are but subordinate departments of state government. Ex parte Rowe, 4 Ala.App. 254, 59 So. 69 [4].

The legislature has granted cities and towns in Alabama certain broad and comprehensive police powers which are enumerated in Articles 4 and 5, §§ 485 et seq., 491 et seq., Title 37, Code of Alabama, Recompiled 1958.

Also, many other powers have been granted to municipalities by the legislature respecting the welfare of the residents and other people within the corporate limits and police jurisdiction of the corporation. Title 37 contains many legislative laws that regulate and grant or deny authority to municipal governing bodies with respect to their duties and powers.

Among these authorizations is § 407, Title 37, Code of Alabama 1940, which reads as follows:

"The council may provide for a tax assessor, tax collector, chief of police, chief of the fire department, and shall specifically prescribe their duties. The council shall designate the persons who shall administer oaths and issue warrants of arrest for violations of law and the ordinances of the city or town, and the persons authorized to approve appearance bonds of persons arrested."

Subsequent sections authorize the municipal governing body to fix salaries and emoluments of these officers.

§ 400, Title 15, Code of Alabama 1940, makes it a misdemeanor for any official of a city or town of Alabama to fail, refuse or neglect to comply with any order or direction of the governor of Alabama to enforce the laws and preserve the peace of Alabama.

§§ 152 and 154, Title 15, Code of Alabama 1940, authorize policemen to make arrests.

So it appears from above that a policeman has the duty of not only enforcing municipal ordinances or bylaws, but he has the responsibility of enforcing state criminal laws and is charged with the duty of making arrests for such violations.

In the case of Hall v. City of Shreveport, 157 La. 589, 102 So. 680, the Supreme Court of Louisiana, in an action brought under the Workmen's Compensation laws of that state, to collect compensation for a widow and minor children of a policeman who was killed in the discharge of his duty, held that the policeman was an official of the city and not an employee or servant of his employer. The court said:

"The cases are numerous that an appointment to a public office does not create a contract. (Citations Omitted)

"And there is no end of authority that a policeman is a public officer holding his office not under a contract between himself and the municipality, but as a trust from the state. (Citations Omitted)

\* \* \* \* \* \*

"The police officers of a city are not regarded as servants or agents of the municipality. They are conservators of the peace, and exercise many of the functions of sovereignty; they are appointed and paid by the municipality as a convenient mode of exercising the functions of government; they assist the city in the performance of its governmental duties, and not in the discharge of its proprietary obligations. And the municipality is not responsible for their unlawful or negligent acts in the discharge of their duties." (102 So., at pages 681 and 682)

The court further held that the word "official," which was used in the exclusionary provision of the Workmen's Compensation Law, was synonymous with the word "officer."

In In re Opinion of the Justices, 254 Ala. 158, 47 So.2d 591, the court observed as follows:

"We are aware of the fact that the Commissioner of Public Welfare has no fixed term of office in that he serves at the pleasure of the State Board of Public Welfare, the appointing authority. Likewise, the statutes do not fix the amount of his salary. It is fixed by the Governor, not to exceed $5700 per annum. § 4, Title 49, Code 1940. But we do not think it can be said that the Commissioner of Public Welfare does not hold an office of profit within the meaning of § 280 of the Constitution merely because there is no fixed term of office and the amount of his compensation is not definitely fixed by statute. We point out here that § 280 contains no language, as does § 281, which limits its field of operation to officers having a fixed term of office." (47 So.2d, at page 592)

We further observed:

" * * * We have in several cases pointed out the distinction under our system between a public office and a public employment. Jefferson County v. Case, [244 Ala. 56], 12 So.2d 343; State ex rel. Hyland v. Baumhauer (State ex rel. Mantell v. Baumhauer), [244 Ala. 1], 12 So.2d 326.

" *'In those cases we gave careful consideration to the meaning of an "office" in this state for the purpose then in hand. It is in broad terms that he must be invested with a portion of the sovereign power of the state. * *' * * *."* (47 So.2d, at page 593)

We also observed in Opinion of the Justices, 244 Ala. 386, 13 So.2d 674[9], that "Office of Profit" means a public office.

It is our opinion that the Chief of Police of the City of Graysville, exercising as he does the sovereign powers of government in the performance of his duties, is a public officer and holds an office of profit.

The further question presented is whether he holds an office of profit "under this state," as those words appear in § 280, Constitution of Alabama 1901, and also in § 5, Title 41, supra.

The word "under" is defined (along with other definitions) in Funk & Wagnalls New Standard Dictionary, as "By virtue of; authorized, substantiated, attested, or warranted by; as under the authority of the United States Constitution."

The late and eminent Justice Coleman, speaking for the Supreme Court of Alabama, in the case of Montgomery v. State ex rel. Enslen, 107 Ala. 372, 18 So. 157, held that a police judge of the City of Birmingham, created by an Act of 1894, was a civil office of profit under the state and within the Constitution, Article 4, § 17, prohibiting one from holding any office of profit under this state, unless elected thereto by the people, created by the legislature when he was a member thereof.

For a copious discussion of the question, see Attorney General ex rel. Moreland v. Detroit Common Council, 112 Mich. 145, 70 N.W. 450, 37 L.R.A. 211.

In view of the fact that the City of Graysville, as do other cities and towns of Alabama, derives its creation and continued existence from the legislature, and the office of chief of police exists by legislative authority, the occupant of which is charged by legislative direction with the duty and responsibility of enforcing state laws as well as municipal ordinances, all to the protection of the general public, and to promote its general welfare, we hold that the office of chief of police is a public office of profit under the state.

We are also of the opinion that the office of constable, Beat 38, Jefferson County, to which the occupant is elected by the people with a fixed term and fees fixed by law, commonly considered a county office, is an office of profit under the state.

We next address our observations to question 2, supra, which this appeal presents. The progenitor of § 280, Constitution 1901 (Article XVI, § 1, Constitution of 1875), is as follows:

"§ 1. No person holding an office of profit under the United States, except postmasters whose annual salary does not exceed two hundred dollars, shall, during his continuance in such office, hold any office of profit under this state; nor shall any person hold two offices of profit at one and the same time under this state, except justices of the peace, constables, notaries public, and commissioners of deeds." (Code of Alabama 1876)

There is a marked similarity between Article XVI, § 1, Constitution of 1875, and § 280, Constitution of 1901. The latter reads as follows:

"No person holding an office of profit under the United States, except postmasters, whose annual salaries do not exceed two hundred dollars, shall, dur-

ing his continuance in such office, hold any office of profit under this state; nor, unless otherwise provided in this Constitution, shall any person hold two offices of profit at one and the same time under this state, except justices of the peace, constables, notaries public, and commissioner of deeds." (Code of Alabama 1940)

In the case of Southern Ry. Co. v. Dickens, 163 Ala. 114, 50 So. 109, which involved the issuance of a summons and complaint by a justice of the peace, who at the same time held the office of deputy sheriff, there being no constable in the beat, the late Justice McClellan, a very learned jurist, observed:

"* * * Article 16 of the Constitution of 1875 *exempted* justices of the peace from the inhibition against holding two offices of honor and profit in this state. * * *" (Emphasis supplied.)

■ The Constitution is the supreme law of the state, and to it all rules of evidence, procedure, and expediency in conflict with its mandates and prohibitions must yield. Banks v. State, 207 Ala. 179, 93 So. 293 [1], 24 A.L.R. 1359. Also, see the opinion of this court in Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487[4], to the same effect.

■ The Constitution is the supreme law, limiting the power of the legislature and binding departments of State government and the people themselves subject only to restraints resulting from Federal Constitution and the people themselves. State Docks Commission v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345[1].

■ In construing the Constitution, the leading purpose would be to ascertain and effectuate the intent and object originally intended to be accomplished. State v. Birmingham Southern R. Co., 182 Ala. 475, 62 So. 77; Railroad Commission v. Alabama Great Southern R. Co., 185 Ala. 354, 64 So. 13, L.R.A.1915D, 98.

We said in the case of Finklea v. Farish, 160 Ala. 230, 49 So. 366, 367, as follows:

"1. The Constitution contains a number of sections defining and stating qualifications for office. Detailed qualifications are stated in respect to the offices of Senators and Representatives, judges, executive officers of the state, sheriffs, and solicitors. Const.1901, §§ 47, 116, 117, 132, 138, 154, 167. There are no detailed qualifications in respect to the office of tax assessor. It would not therefore impede the progress of the argument of the case in hand should it be conceded that, where the Constitution itself prescribes in detail the qualifications for office, the Legislature may not add to or diminish them. * * *"

■ Constitutional prohibition may be expressed or may result from necessary implication. State Docks Commission v. State ex rel. Cummings, supra.

The exceptions specified in the inhibitions of § 280, supra, pertain to minor offices that are frugal in emoluments and financial rewards to the occupants if honestly administered. In 1875 and 1901, when the exceptions were written into the Constitution that prohibited a person from holding two offices of profit at one and the same time under the state, the excepted officials were conveniently accessible to people whose means of transportation were largely limited to mules, horses and oxen and vehicles drawn by these animals; roads were poorly improved. Many natives were totally without transportation and were dependent upon walking to points of destination. No doubt the framers of our Constitution desired to encourage qualified persons to seek these particular offices of limited profit, hence the exceptions were included.

We concur in Justice McClellan's observation in Southern Ry. Co. v. Dickens, supra, that the exceptions were exemptions.

■ It is our opinion that § 5, Subsection 7, Title 41, supra, in so far as it attempts to modify and withdraw the ex-

emptions specifically named in § 280 of the Constitution, supra, was abortive and offensive to the Constitution, and is without legal efficacy or force.

The trial court erred in overruling the defendant's demurrer to the amended petition, in sustaining demurrer to the answer, and in entering a final judgment ousting defendant from his occupancy of the office of Chief of Police of Graysville.

The trial judge, after this remandment, will enter appropriate judgments on the pleadings in this case that will uphold the right of defendant to the office from which he was ousted.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL, COLEMAN, and HARWOOD, JJ., concur.