275 So.2d 349

William D. JETTON and E. Charles Ogden, III d/b/a Jetton & Ogden, Attorneys at Law

v.

Roy SANDERS, as State Comptroller of the State of Alabama.

Civ. 163.

Court of Civil Appeals of Alabama.

March 28, 1973.

Jetton & Ogden, Guntersville, pro se.

James R. Solomon, Jr., Montgomery, for appellee.

PER CURIAM.

This is an appeal from the judgment of the Circuit Court of Montgomery County refusing to grant a writ of mandamus.

Appellants had petitioned the Circuit Court asking for the issuance of a writ of mandamus requiring the appellee, as State Comptroller, to pay five claims for attorneys' fees totaling $1,275.00.

The claim for attorneys' fees arose out of the representation of indigent criminal defendants in the Circuit Court of Marshall County.

The alternative writ of mandamus was issued by the Circuit Court of Montgomery County ordering the appellee to pay the five claims or show cause why he should not pay them.

A demurrer and answer was filed to the petition but the demurrer was never ruled on by the trial court. As a part of the answer, appellee asserted affirmative defenses A through D. Appellants filed a replication to paragraphs A through D in which they denied each and every one of the defenses.

The facts were stipulated as follows: The appellants are attorneys at law and were appointed by the Circuit Court of Marshall County to represent five indigent criminal defendants who had been charged with committing various felonies in said county. The representation of these defendants in the Circuit Court extended over a period of about two weeks and consumed about 58 hours of in-court time and about 27 hours in out-of-court preparation.

In March 1972 the claims for these services were presented to the Circuit Court of Marshall County. These claims were approved by said court and then forwarded to the appellee by the Circuit Court Clerk. The claims were presented to the appellee prior to March 24, 1972.

On March 24, 1972 the Governor issued Executive Order No. 36, which in effect reduced and limited the fees payable to attorneys representing indigent criminal defendants as provided in Act No. 2420, Acts of Alabama 1971, p. 3851. Act No. 2420 amends Sections 1, 2, 3, 5, 7 and 11 of Act No. 526, Acts of Alabama 1963, p. 1136.

Executive Order No. 36 provides in part as follows:

"EXECUTIVE ORDER NUMBER 36, AS AMENDED

\* \* \* \* \* \*

"NOW, THEREFORE, I, George C. Wallace, as Governor of the State of Alabama, and under the authority of Section 11 of Act No. 2420, 1971 Regular Session, do hereby order that the maximum amount payable under the General Laws of the State of Alabama to counsel for indigent defendants shall be as follows:

"1. $75.00 for one case in the Circuit Court or Court of like jurisdiction.

\* \* \* \* \* \*

"This Order shall become effective on date of approval by Governor and shall continue in full force and effect until modified or rescinded. All pending claims now on file in the Comptroller's Office shall be paid as set out above.

\*   \*   \*   \*   \*   \*

"ORDERED THIS 24 DAY OF MARCH, 1972.

"/s/ GEORGE C. WALLACE
GEORGE C. WALLACE
GOVERNOR"

Act No. 2420, *supra*, amends Section 11 of Act 526, *supra*, to read as follows:

"Section 11. The fair trial tax fund or so much thereof as has not been heretofore pledged to another use is hereby appropriated annually for the purpose of effecting the provisions of this Act. In addition thereto there is also appropriated annually out of the General Fund in the State Treasury a sum equal to the amount by which the cost of furnishing counsel to indigent defendants pursuant to this or any other act relative to the appointment of such counsel exceeds the amount available for such purpose in the fair trial tax fund.

"Expenditures from this appropriation shall be subject to the approval of the Governor and the condition of the General Fund. The Governor shall from time to time determine the condition of the said General Fund and whether or not such expenditures can reasonably be made."

Appellants' claims for fees rendered pursuant to Act No. 2420 were returned to appellants by appellee unpaid.

Appellants argue that the trial court erred in deciding that (1) the Governor was required by Act No. 2420, *supra*, to approve each and every expenditure for attorney's fees from the Fair Trial Tax Fund and the General Fund, and that (2) Executive Order No. 36 became effective as to all pending claims regardless of the time when filed.

Appellee answers by saying that no issue is taken with the appointment of the attorneys, the manner of representation of defendants by the attorneys, nor the manner in which the attorneys' claims were filed. The refusal to pay is based solely on the provisions of Executive Order No. 36.

Appellee says that the amendment of Section 11 by Act No. 2420, *supra*, permits the Governor to reduce the amount of the fees to be paid to attorneys representing indigent criminal defendants.

The claims for fees in the instant case were made pursuant to Section 3 of Act 526, *supra*, as amended by Act 2420, *supra*, which provides as follows:

"Section 3. Counsel appointed in such cases shall be entitled to receive for their services a fee to be fixed by the trial court. The amount of such fee shall be based on the number of hours spent by the attorney in working on such case and shall be computed at the rate of $20.00 per hour for time expended in court and $10.00 per hour for the time reasonably expended out of court in the preparation of such case. Such counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in such defense. The total fees and expenses to any one attorney in any one case, including fees for services rendered in preliminary hearing, and in ancillary proceedings, shall not, however, exceed $500.00.

"Within a reasonable time after the conclusion of the trial or ruling on a motion for a new trial, or after an acquittal or other judgment disposing of the case, counsel shall submit to the trial court a bill for services rendered not to exceed the amount herein provided and such bill, if approved by the trial court, shall be submitted by the clerk of the court to the State Comptroller for audit and al-

lowance and if approved by the Comptroller forwarded to the State Treasurer for payment."

■ Our interpretation of this section is that the entire amount in the Fair Trial Tax Fund not otherwise appropriated is appropriated annually for the payment of the fees and costs incurred pursuant to said Act. If the demands on the Fair Trial Tax Fund exceed the amount therein, a sufficient amount is thereby appropriated from the General Fund to pay the additional costs of carrying out the provisions of said Act. Of the expenditures from these two funds, only the expenditures from the General Fund are subject to the approval of the Governor, who says whether or not expenditures for the purposes of Act 2420 can be made therefrom.

The appropriation from the General Fund for the purposes spelled out in Act 2420 is similar to a "conditional appropriation," i. e., the Governor is charged with the duty of ascertaining the condition of the General Fund, from time to time, to see whether these costs can be paid therefrom. It is only when the yearly appropriation from the Fair Trial Tax Fund has been exhausted that the General Fund is brought into the picture. Once the General Fund has been called upon to pay the costs and fees incurred by virtue of Act No. 2420, the Governor then decides, periodically, if these additional costs can be paid from the General Fund.

■ Executive Order No. 36 reduced the amounts that could be paid to a lawyer in all non-capital criminal cases in any court except recorder's courts from a maximum of $500.00 per case as provided in Act No. 2420, to a maximum of $75.00 per case. The Governor possesses no such authority, in the absence of a clear grant of such power in the Act itself to alter, or amend an Act of the Legislature, and we find no such power reposed in the Governor by said Act.

■ State government is divided into three coordinate branches and each has a sphere of operation in which each is supreme. Powers confided in one cannot be exercised by the other. The Legislature, in the absence of constitutional restraint, is all powerful in matters of legislation. State v. Stone, 224 Ala. 234, 139 So. 328. And it cannot delegate its legislative powers except as is authorized by the Constitution. In re Opinions of the Justices, 232 Ala. 56, 166 So. 706. However, the Legislature can make a law wherein power is delegated for the purpose of determining some fact or state of things upon which the law intends its own action to depend. Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93.

■ In the case at bar the Legislature could not delegate to the Governor the power to appropriate funds for the payment of attorney fees set out in Act No. 2420, *supra,* Opinion of the Justices, 244 Ala. 386, 13 So.2d 674; nor could it delegate its authority to amend or alter the fee schedule as set out in said Act to the Governor for this would be in effect delegating the Legislature's power to make law.

■ However, the Legislature could and did delegate to the Governor the power, authority and responsibility to ascertain from time to time the condition of the General Fund so that he might be able to decide whether claims arising under Act No. 2420 could be paid out of the General Fund. Such delegation of power is in keeping with the statement that the Legislature can delegate the duty to ascertain facts on which certain legislation, i. e., Act No. 2420, *supra,* would depend for its operation.

We conclude therefore that Executive Order No. 36 in reducing the maximum amount per case that could be paid to an attorney for representing criminal indigents in the trial court intruded into the sphere of the legislative department of government and was void. That portion of

**674**

the trial court's decree upholding such an intrusion into the legislative sphere of State government is reversed.

 Also that portion of the trial court's decree holding that the Governor is required to approve expenditures from the Fair Trial Tax Fund is reversed, for there is no such authority delegated to him by the Legislature in Act No. 2420, *supra*.

That portion of the trial court's decree holding that the Governor is authorized by the Legislature to determine from time to time the condition of the General Fund so that he may be sufficiently informed to make a decision as to whether or not the fees and costs incurred by attorneys pursuant to the provisions of Act No. 2420 can be paid out of the General Fund is upheld.

Affirmed in part, and reversed and remanded in part.