361 So.2d 1109 (1977)
James Louis ROBINSON
v.
STATE.
6 Div. 571.
Court of Criminal Appeals of Alabama.
October 25, 1977.
Rehearing Denied November 15, 1977.
*1110 Jerry N. Quick, Trussville, for appellant.
William J. Baxley, Atty. Gen., and James L. O'Kelley, Asst. Atty. Gen., for the State.
HARRIS, Judge.
Appellant was put to trial upon an indictment which, omitting the formal parts, reads as follows:
"The grand jury of said county charge that, before the finding of this indictment, JAMES LOUIS ROBINSON, alias JAMES LEWIS ROBINSON, alias JAMES LOUIS ROBINSON, JR., whose name is to the grand jury otherwise unknown, did, with a deadly instrument, to-wit: a pistol, feloniously assault Donald P. Jones, a law enforcement officer, to-wit: a police officer for the City of Birmingham, Jefferson County, Alabama, while the said Donald P. Jones was engaged in the active discharge of his lawful duty or duties as such police officer for the City of Birmingham, Jefferson County, Alabama."
Prior to arraignment it was determined that appellant was indigent and counsel was appointed to represent him. At arraignment he interposed a plea of not guilty. It took the jury nine minutes to return a guilty verdict and the Court sentenced him to twenty years imprisonment in the penitentiary. He is in this Court with a free transcript and trial counsel was appointed to represent him on appeal.
The facts in this case are not disputed. Appellant did not testify nor did he offer any evidence in his behalf. At the close of the State's case appellant made a motion to exclude the State's evidence and direct that appellant be discharged on the ground the State had failed to sufficiently prove its case. This motion was overruled and this puts us to a recital of the evidence.
Around 3 o'clock on the afternoon of December 26, 1975, Ms. Melinda Carol Brakefield, an employee of the First National Bank of Birmingham, the John C. Persons Branch, located on Eighth Avenue and Eighteenth Street, was standing in one of the drive-in teller windows and heard a disturbance outside the window. She saw a black male get out of a car, pull a gun and fire at a police officer who was on duty at the bank. She saw the officer, Donald P. Jones, return the fire and the black man started running from the bank's premises. At this point, she lost sight of the black man and Officer Jones.
*1111 Officer Jones testified that he was a police officer with the Birmingham Police Department where he had been employed for eighteen years. He stated that, on December 26, 1975, he was working for the First National Bank at Eighth Avenue and Eighteenth Street, North. At approximately 3:00 p.m. he got a report that there was a fight outside one of the drive-in windows. He was dressed in uniform, on which he had his badge, and was in the lobby of the bank when he received the report about the fight. He immediately walked out of the bank to investigate the fight report and saw a car parked at the north drive-in window with three black males in the car. He walked up to the right front of the car and saw the driver open the car door and point a pistol in his face. He heard the pistol "click" three times and he ducked and moved around the car. As he was moving around the car he heard the pistol fire three times. The officer returned the fire and saw the man with the pistol run in the direction of Seventh Avenue and Seventeenth Street. The officer gave chase and caught the man about a block and a half from the place of the initial shooting. In the meantime other police officers arrived and went to aid Officer Jones in apprehending the fleeing man. The fleeing man turned out to be appellant. Two or three officers hit appellant about the same time knocking the pistol from his hand. Officer Jones picked up the pistol and put the following inscription on it, "D.P.J. 12/26/75, 3:00 p. m." In Court he identified the pistol as the one in the possession of appellant at the time of his arrest and the pistol was introduced into evidence without objection.
After appellant's arrest he was carried to a local hospital and then to jail. Photographs were taken of appellant and after being properly identified they were introduced into evidence without objections. Photographs were also taken of the bank and the teller window where appellant was parked and where he tried to shoot Officer Jones. These photographs were introduced into evidence without objections.
Appellant strenuously insists that the State failed to prove the material allegations of the indictment in that there was not one iota, not even a "scintilla," of evidence that the police officer was engaged in the active performance of his duties as a police officer at the time of the alleged assault. We do not agree. Title 15, Section 152, Code of Alabama 1940, provides:
"An arrest may be made, under a warrant, or without a warrant, by any sheriff, or other officer acting as sheriff, or his deputy, or by any constable, acting within their respective counties, or by any marshal, deputy marshal, or policeman of any incorporated city or town, within the limits of the county."
Title 15, Section 154, Code of Alabama 1940, empowers an officer to "arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence, . . ."
A policeman is an "officer" within the meaning of Sections 152 and 154, supra.
In construing these two sections, the Supreme Court of Alabama in Alexander v. State, 274 Ala. 441, 150 So.2d 204, said:
"So it appears from above that a policeman has the duty of not only enforcing municipal ordinances or bylaws, but he has the responsibility of enforcing state criminal laws and is charged with the duty of making arrests for such violations."
Such was our holding in Hutto v. State, 53 Ala.App. 685, 304 So.2d 29.
Clearly, under the evidence in this case Officer Jones was under a duty to investigate the reported fight at the teller window and it was his duty to arrest appellant who attempted to make a murderous assault upon him with a loaded pistol. If the pistol had not misfired Officer Jones would probably have been killed. Without the slightest hesitation we hold that Officer Jones was acting in line of duty when he was assaulted by appellant. Hutto v. State, supra.
*1112 We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur, except BOOKOUT, J., who dissents with an opinion.
BOOKOUT, Judge, dissenting:
As an essential element of the offense charged, the State must prove that at the time of the assault the officer was engaged in the active discharge of his lawful duty as a police officer for the city of Birmingham. The evidence falls short of such proof.
At the time of the assault, the officer was off duty and was privately employed as a security guard by the First National Bank of Birmingham. I agree with the majority that Title 15, § 152, supra, invests city policemen with arrest authority. If Officer Jones had been in the process of making a lawful arrest at the time of the assault, then I would concur with the majority.
In Hutto, supra, the officer, while off duty, witnessed a public offense committed in his presence and during the course of making a lawful arrest, he was assaulted. Alexander, supra, involved a quo warranto proceeding as to whether a person could hold the office of constable and chief of police at the same time. I also agree that a police officer has a duty to enforce the law, as stated in Alexander.
The evidence in the instant case does not show Officer Jones to be in the process of enforcing a municipal ordinance or a state statute when assaulted. Neither was he attempting to make an arrest for a public offense committed in his presence. He, as a bank security agent, got a report that there was a fight outside one of the bank's drivein teller windows. He walked outside to investigate. He saw no fight or other public offense being committed. He only saw a car parked at one of the windows. There was nothing illegal or unusual about that, as the drive-in windows are specifically provided to service customers in automobiles. Nothing illegal occurred until one of the occupants of the automobile opened the door and pointed a pistol at the officer. That act constituted the assault at the instant.
Had Officer Jones encountered a public offense being committed in his presence and attempted to make an arrest or enforce some ordinance or statute, even though off duty, a legal duty would then have arisen. If assaulted while engaged in that duty, then the appellant could have been prosecuted under § 3, Act No. 746, Acts of Alabama 1967 (Title 14, § 374(20) Code of Alabama 1940, Recompiled 1958). However, the legislature enacted Act No. 746 to protect law enforcement officers who are placed in a dangerous environment by their public employment. It was never intended to elevate the degree of the offense of assault to cover an off-duty officer who is engaged in some voluntary and private employment. True, under Title 15, § 152, supra, he may have the authority to arrest for a public offense at any time, but unless he is actually performing that lawful duty, he is not covered by Act No. 746. That Act requires the performance of his lawful duty, not merely that he possesses authority to arrest.
Neither can I agree that the assault itself activates the statute. If that is so, then there is no need for Act No. 746 to specify that the officer be engaged in the lawful discharge of his duties when the assault occurs. In the instant case, nothing illegal transpired within the sight or hearing of the officer until the actual assault took place. If the assault itself instantaneously places the officer on duty, the only element necessary to prove is that the appellant assaulted an officer. The statute is not worded that way. The State must prove that the officer was performing his lawful duty when the assault occurred; that is, a duty placed upon him by law, not one arising from private employment. The evidence in the instant case fails to establish that essential element of the charge. An assault against a police officer is a serious and reprehensible offense. However, the instant assault charge should have been *1113 brought under another statute, in my opinion. I therefore respectfully dissent.