BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant, an indigent at nisi prius and here, was indicted for assault with intent to ravish. A jury convicted him on his plea of not guilty. The trial court fixed the punishment at fifteen years imprisonment. This appeal is from a judgment entry. *777 The alleged assault took place on June 20, 1977, at about 8:35 A.M., in a beauty salon in Albertville, Alabama. The prosecutrix was alone in the back room of the beauty salon when someone grabbed her from behind. The assailant held her in such a way that her observation of assailant was limited. But, she was able to see that he was a tall negro male and was wearing a beige colored toboggan.
It further appears that the victim screamed and attracted the attention of Mr. Tony Duke, in an insurance office next door. Mr. Duke surprised the assailant who immediately fled.
Mr. Duke testified that he chased the assailant for several blocks to the edge of the negro community in Albertville. He gave up pursuit when the assailant disappeared from view behind a house, subsequently identified as defendant’s residence.
Mr. Duke testified about seeing defendant as he passed before the front window of his office. Defendant was walking in the direction of the beauty salon next door. This witness also identified the defendant as the same man he had seen through his office window and the one he had chased.
Being alerted with respect to the assault, Albertville City Detective Tommy Cole and Mr. Lee Locklear, another Albertville city police officer, met Mr. Duke, who was returning from the chase. Mr. Duke, and the two officers proceeded to the point where the chase ended. Mr. Duke pointed out the direction in which his assailant had fled. Mr. Duke described him to the officers as a tall black male, wearing a tan toboggan, and a bluish, brownish, “mingly” shirt. The officers went on alone, on foot, through a wooded area and a vacant lot into the backyard of a house, later identified as defendant’s residence.
On the backsteps of this house, Officer Cole found a shirt and a toboggan which he seized. It appears from the evidence that these articles of clothing were in plain view of Officer Cole when he saw and seized them.
Outside the presence of the jury, Officer Cole testified that at that point the officers were approached by Mr. Curtis Hicks, who lived next door to the subject’s house. Mr. Hicks told the officers that his mother and his nephew, the defendant, resided in the house, and that neither was at home. With Mr. Hick’s permission, the officers entered the house and seized other items which were excluded from consideration of the jury. Officer Cole admitted that he never obtained a warrant to search the premises.
Officer Cole also testified that later on the same day he showed the items of clothing to Mr. Duke, who identified them as “like” the clothing worn by defendant. The shirt and toboggan were introduced into evidence over defendant’s objection that these items were the fruits of an illegal search. The objection was overruled.
It appears from the evidence that Mr. Louie Townson, Chief of the Albertville Police Department, testified that on June 20, 1977, at about 9:00 A.M., he received a report over his car radio about the incident. He states that the assailant was described as a negro male, brown in color, and wearing tan clothing, and last seen in the vicinity of the Curtis Hicks home. He stated that he immediately went to the Hicks’ home where he saw defendant and took him into custody. At that time, defendant was wearing blue jeans, cut short, with no shirt.
Defendant rested his case without taking the witness stand, or calling up any other witness. After deliberation the jury returned a verdict of guilt. The trial court entered judgment.
ON THE MERITS
Appellant here complains that the seizure of the toboggan and shirt, lying in plain view on the steps of defendant’s home, was without authority of law because the officers entered the curtilage of the home without authority of law.
We are not impressed that the entry into the curtilage was a trespass and that the seizure which followed such entry was illegal.
*778 We think it is clear from the evidence that the seizing officers were making an investigation of the alleged crime that had been reported to them by Mr. Duke and entered the premises from a vacant lot in furtherance of the investigation. They obtained permission from defendant’s uncle to enter the dwelling house on the premises, and no doubt were impressed that such permission was sufficient to enter the building. But the items found after such entry were not admitted in evidence.
The Supreme Court, in Alexander v. State, ex rel Carver, 274 Ala. 441, 150 So.2d 204 (1963) observed:
“ * * * a policeman has the duty of not only enforcing municipal ordinances or bylaws, but he has the responsibility of enforcing state criminal laws and is charged with the duty of making arrests for such violations.”
The Supreme Court of the United States, in Coolidge v. New Hampshire, 403 U.S. 443, at p. 466, 91 S.Ct. 2022, at p. 2038, 29 L.Ed.2d 564, observed:
“What the ‘plain view’ cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification — whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a .search directed against the accused — and permits the warrantless seizure. * * *”
It appears to us that the officers had a legitimate reason to go on the premises and look around for any clues in their efforts to solve the criminal incident of which they were informed. They had no authority to enter the house and rummage around. No rummaging search was undertaken in the yard for secluded or hidden items, so far as the evidence reveals. The entry revealed the clothing in plain view on the steps. The discovery was incidental to the investigation.
Under the circumstances we are unwilling to say that the officers were restricted in their investigation and could not enter the curtilage for any purpose. The entry per se was legitimate and the seizure of the clothing (in plain view) was lawful.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.
BOOKOUT, J., concurs specially.