SENTELL, Clerk.
RULE 18, ALABAMA RULES OF JUDICIAL ADMINISTRATION — District and Municipal Court Magistrates and Warrant Clerks
Mr. Allen L. Tapley, Administrative Director of Courts, has submitted to me, pursuant to § 12-2-19(d), Code 1975, the following question:
Are the positions of district and municipal court magistrates and warrant clerks, as provided in Rule 18, Alabama Rules of Judicial Administration, offices of profit under the state, when persons in these positions are appointed by the Administrative Director of Courts without compensation?
In submitting this question, Mr. Tapley states that the only magistrate positions for which compensation is established are Magistrate I, II and III positions which are classified, full-time positions with the merit system; that there are no classified warrant clerk positions; and that no compensation is established or provided for warrant clerks.
Mr. Tapley directs my attention to Rule 18 11(A)(6) which authorizes the Administrative Director of Courts (ADC) to appoint any city clerk of a municipality with a population of 1,000 or more as a warrant issuing magistrate, to be known as a warrant clerk, and that under Rule 18 11(B)(1)(a), all clerks of the municipal courts shall serve as municipal court magistrates by virtue of their office. He states that in many small municipalities city clerks also serve as municipal court clerks.
In my opinion, the answer to Mr. Tapley’s question should be in the negative.
Article XVII, § 280, Alabama Constitution of 1901, and similarly § 36-2-l(b), Code 1975, provide:
No person holding an office of profit under the United States . . . shall, during his continuance in such office, hold any office of profit under this state; nor . . . shall any person hold two offices of profit at one and the same time under this state .
An office under this state derives its authority directly from the state by legislative enactment; its duties and powers are prescribed by law; and its holder is vested with a portion of the powers of government, whether it be legislative, judicial or executive. Montgomery v. State, ex rel. Enslen, 107 Ala. 372, 18 So. 157 (1894); Hard v. State, ex rel. Owen, 228 Ala. 241, 153 So. 725 (1934); State v. Baumhauer, 244 Ala. 1, 12 So.2d 326 (1942); Opinion of the *212 Justices, 244 Ala. 386, 390, 13 So.2d 674, 678 (1943); Alexander v. State, 274 Ala. 441, 150 So.2d 204 (1963).
Section 12-17-251(b), Code 1975, reads as follows:
(b)The supreme court may, by rule, prescribe procedures for the appointment of magistrates by class or position. In addition thereto, the supreme court may provide for the appointment of other magistrates by the administrative director of courts, upon recommendation and nomination by the judge or judges and the clerk of the district court under whom such magistrates are to serve.
The Alabama Rules of Judicial Administration, effective January 16, 1977, were adopted by the Supreme Court of Alabama on October 14,1976, pursuant to the authority granted by § 6.11 of the Judicial Article (Amendment 328 to the Constitution of Alabama). Opinion of the Clerk, No. 1, Ala., 345 So.2d 1329 (1977).
District court magistrates, provided under Rule 18 11(A)(2) and (6), Alabama Rules of Judicial Administration, pursuant to § 12-17-251(b), include the following:
(a) All clerks of state trial courts and any person within the clerk’s office designated by the clerk to serve as a magistrate;
(b) All persons serving as full-time magistrates or warrant clerks on September 1, 1976, including those magistrates or warrant clerks who are and will continue to be merit system employees;
(c) All persons appointed to serve as magistrates by the ADC, upon recommendation and nomination by the judge or judges and the clerk of the district court; and
(d) . .
(6) In addition to magistrates as heretofore provided, warrant issuing magistrates, to be known as warrant clerks, may be appointed by the administrative director of courts (ADC) upon the recommendation and nomination of the district court judge or judges and the clerk serving such court. However, the ADC is authorized to appoint any city clerk of a municipality with a population of 1,000 or more. These warrant clerks shall be empowered to issue warrants pursuant to section 12-17-251(c)(l), Code of Alabama. Warrant clerks shall keep such records and follow such procedures as directed by the ADC.
Section 12-14-51(b), Code 1975, provides for appointment of municipal court magistrates as follows:
(b) The supreme court may, by rule, prescribe procedures for the appointment of magistrates by class or position and, in addition thereto, provide for the appointment of other magistrates by the administrative director of courts, upon recommendation by municipal judges.
Municipal court magistrates, provided under Rule 18 11(B)(1), pursuant to § 12-14-51(b), include the following:
(a) All clerks of municipal courts and any person within the clerk’s office designated by the ADC, upon recommendation of the clerk, to serve as a magistrate; and
(b) All persons appointed to serve as magistrates by the ADC, upon recommendation by municipal judges.
Section 12-17-251(c) lists the powers of a district court magistrate, § 12-14-51(c) enumerates the powers of a municipal court magistrate.
In my opinion, district court and municipal court magistrates are offices under this state.
A warrant clerk is a warrant issuing magistrate. See Rule 18 11(A)(6). In my opinion, the position of warrant clerk, within the meaning of Rule 18 II, is an office under this state.
An office of profit is one to which salary or other compensation is attached. Moser v. Board of County Commissioners of Howard County, et al., 235 Md. 279, 201 *213 A.2d 365 (1964); Commonwealth, ex rel. Adams v. Holleran, 350 Pa. 461, 39 A.2d 612 (1944); Baker v. Board of Commissioners of Crook County, 9 Wyo. 51, 59 P. 797 (1900).
A position is not an office of profit when no compensation is provided for services rendered in and by virtue of the position. Opinion of the Justices, No. 64, 244 Ala. 386, 390, 13 So.2d 674, 678 (1943).
It is my opinion that clerks of state trial courts, as designated in Rule 18 11(A)(2), hold offices of profit under the state within the definitions of “office under this state” and “office of profit.” Thus, the rule permits the clerk of a state trial court to be a magistrate.
It is clear that the position of magistrate can be held under terms and conditions that do not constitute it as an office of profit.
It is my opinion that the positions of district and municipal court magistrates and warrant clerks, as provided in Rule 18, Alabama Rules of Judicial Administration, are not offices of profit under this state, when persons in those positions are appointed by the Administrative Director of Courts without compensation.