# Darden, *et al. v.* Mann.

## *Trespass and Trover.*

(Decided Nov. 18, 1909.—50 South. 1033 )

1. *Conspiracy; Action; Evidence.*—Where the action was in trespass or trover for the conversion of a horse and plaintiff claims that the defendants conspired together to defraud him of the horse by having one defendant offer him a certain sum for worthless notes, falsely representing that they were about to be paid, by reason of which offer plaintiff agreed to sell his horse for the note and was deceived in which manner defendant got possession of the horse without his consent it was competent to show the worth of the defendant offering to purchase the notes as shedding light on the intention of the party in the transaction.

2. *Same; Instruction.*—Where, in an action in trespass and trover for the conversion of a horse the complaint alleged that the defendants conspired together to defraud plaintiff of his horse by having one defendant offer him a given amount for certain worthless notes, falsely representing that such notes were about to be paid, and by reason of which offer, plaintiff agreed to trade his horse for the notes, and, though the trade was not consummated, defendants deceived him by such promise to buy the notes so as to get possession of the horse without his consent, no one of the defendants was liable for the conversion of the horse unless he aided or abetted in converting it pursuant to the conspiracy, though defendants conspired to trade the notes to plaintiff for the horse; hence it was error to charge that if defendants conspired together to trade plaintiff, the worthless notes for his horse, by false representations made by one

of the defendant that certain notes were about to be paid off and that such defendant would pay a certain sum therefor, when defendants knew the notes were worthless, and if plaintiff tendered back the notes within a reasonable time after learning of the fraud, the verdict should be for the plaintiff for the reasonable value of the horse.

3. *Trial; Directing Verdict; Conflicting Evidence.*—Where, under the evidence it is a question for the jury as to whether either of the defendants converted the property sued for, a charge directing a verdict for either of the defendants, was properly refused.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by T. J. Mann against John A. Darden and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The following charge was given for plaintiff: "(A) The court charges the jury that, if you believe from the evidence that the defendants colluded or conspired together to trade off on the plaintiff, or aid Sellers in trading to plaintiff, worthless notes for his stallion, by false representations made by Walker, as that the father of J. C. Pitts was in town and wanted to take up the note of C. C. Pitts for $250, and that said Walker would pay $245 for said note, and the defendants knew that said notes were worthless, and plaintiff tendered back said notes in a reasonable time after learning of the fraud, you should find your verdict for the plaintiff for the reasonable market value of the horse, with interest thereon."

The following charges were refused to the defendant: (B) Affirmative charge to find for John A. Darden on the first count of the complaint. (C) Affirmative charge for all of the defendants on the first count. (D and E) Same.

LACKEY & BRIDGES, for appellant.—The court erred in admitting testimony of plaintiff's purpose in going to the office of Jacobs.—*Baldwin v. Walker*, 91 Ala. 428.

[Darden, et al. v. Mann.]

Counsel insist that under the evidence all the defendants are entitled to the affirmative charge, but cite no authority in support thereof.

D. H. RIDDLE, for appellee.—Counsel discuss the assignments of error but without citation of authority.

SIMPSON, J.—This action is by the appellee against the appellants, the first count being in trespass and the second in trover, for the conversion of a horse. The only assignments of error insisted on relate to the giving of charge A at the request of the plaintiff, and the refusal to give certain charges requested by the defendants, unless remarks in the brief of appellants may be considered as insisting on error in overruling the exception to the question to the witness W. R. Walker, "What was Phil Walker worth?"

Phil Walker was one of the defendants, and the claim of plaintiff is that all of the defendants conspired to defraud him of his horse, by having Phil Walker to come in and offer to give $245 for the Pitts note of $250, making the false statement that the father of Pitts was in town for the purpose of paying the note off; that the trade was not actually consummated, but that plaintiff only agreed to make the trade of the horse for the notes provided said Phil Walker would pay the $245 in cash; and that they deceived him with this promise, until they got possession of the horse, without his knowledge or consent. It was then, a material circumstance, in reaching a conclusion as to the facts and intention of the transaction, to show whether or not Phil Walker's promise was worth anything. The court erred in giving charge A on request of the plaintiff.

This action is for trespass and trover, and, even though the defendants had conspired to trade worthless notes to the plaintiff for the horse, yet unless each defendant aided or abetted in the taking, or in the conversion of the horse, or the same was done in pursuance of the conspiracy, he could not be guilty of the taking or conversion, as charged in the complaint. It was a question for the jury to determine, from all the circumstances detailed by the witness, whether or not Darden, or any of the other defendants, were guilty of the trespass or the conversion, and there was no error in the refusal of the court to give charges B, C, D, and E.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.