# Mann *v.* Darden, *et al.*

### *Fraud and Deceit.*

(Decided Jan. 1911.    Rehearing denied Feb. 13, 1911.
54 South. 504.)

1. *Appeal and Error; Record; Presumption.*—Nothing to the contrary appearing it will be presumed that one purporting to have been duly and legally appointed special judge was regularly and duly appointed and qualified when assuming such duty, since the Constitution, Section 160, authorizes the Legislature to provide for special judges in certain cases and the Code, sections 3267 and 3268, authorizes the appointment of such judges by the Governor.

2. *Same; Former Appeal; Law of the Case.*—Under section 5965, Code 1907, the court will not be influenced by its former holding on

[Mann v. Darden, et al.]

such a question where the evidence in the record on this appeal does not make out a case on this defendant.

3. *Officers; Eligibility and Provocation; Holding Other Office.*— Conceding that section 280, Constitution 1901, applies to a mere temporary appointment to hold a special term of court, (a matter not here decided) it does not invalidate the official acts as special judge of a state senator, since the acceptance of such a judgship operates only as a resignation or vacation of the other office.

4. *Witnesses; Cross Examination; Fraud.*—In an action for trover for a horse which plaintiffs claim that defendants conspired to defraud him of by having one of defendants to offer to buy a note falsely representing that the maker of the note was in town desiring to pay it, whereby plaintiff agreed to trade his horse for such note, which was worthless, plaintiff was entitled to cross examine the defendant purchasing the note as to whether or not he got the note for a small consideration, and whether or not it was worthless.

5. *Same.*—On an issue of fraud great latitude is allowed the party undertaking to establish the fraud in the cross examination of the person charged with the fraud.

APPEAL from Coosa Circuit Court.

Heard before Hon. H. P. MERRITT, Special Judge.

Action by T. J. Mann against John A. Darden and others, to recover the value of a horse alleged to have been obtained by fraud and deceit. Judgment for defendants and plaintiff appeals. Reversed and remanded.

See former report of this case in 163 Ala. 297; 50 South. 1033.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. Fraud is sought to be established, and great latitude should have been allowed in cross examining the party charged with the fraud.—*Nelms v. Steiner Bros.,* 113 Ala. 562; *Darden v. Mann,* 163 Ala. 297. In support of the contention that the acts of Merritt as special judge were abortive because at the time he held the office of state senator, counsel cite.—3 Mayf. 439; Sec. 280, Const. 1901; *Bell v. The State,* 115 Ala. 26; *State v. Roberts,* 126 Ala. 74.

JOHN A. DARDEN, and GEORGE A. SORRELL, for appellee. No conspiracy was shown.—8 Cyc. 620, 621; *Dar-*

*den v. Mann,* 163 Ala. 297. The presiding judge was at least a de factor officer, and his acts were not void. —*Walker v. The State,* 142 Ala. 10; *Roberts v. The State,* 126 Ala. 74. The court did not err in its rulings on the evidence.—*Roush v. Broussard,* 30 South. 635; *Darden v. Mann, supra.*

ANDERSON, J.—The record in this case, as certified by the clerk, shows that the term of court at which this case was tried was presided over by Hon. H. P. Merritt, "special judge duly and legally appointed to hold this the spring term, 1910." Section 160 of the Constitution of 1901 authorizes the Legislature to make provision for the appointment of special judges in certain instances and the statute (sections 3267, 3268) makes provision for the appointment of said judges by the Governor. We will therefore presume, in the absence of an appropriate plea and proof to the contrary, that the said Merritt was regularly and duly appointed and qualified when assuming the duties of special judge.— *Roberts v. State,* 126 Ala. 74, 28 South. 741, 30 South. 554. It is next insisted that the said Merritt, being at the time a state senator, was by section 280 of the Constitution prohibited from holding two offices of profit at the same time. Whether this section applies to a mere temporary appointment to hold a special term of the court, we need not decide, for, if it does, it would not invalidate his official acts as special judge, as the acceptance of the last office would only operate as a resignation or vacation of the former office.—29 Cyc. 1382, and case cited in note 81.

This suit seems to proceed upon the theory that the horse in question was procured from the plaintiff under the fraudulent conspiracy entered into between the defendants. There was no evidence, even of a prima facie

conspiracy, as to Darden, as the proof fails to show
that he had anything to do with the trade, except to
be consulted by the plaintiff, as to how the notes should
be transferred, and what would be the result of the
plaintiff's accepting the price for the bridle. As to
the other two defendants, there was proof from which
it could be inferred that a conspiracy existed between
Sellers and Phil Walker to practice a fraud and decep-
tion on the plaintiff, not by actual misrepresentations
of the value of the notes traded, but by a bunco or gold
brick scheme. In other words, that it was understood
between them that, when the plaintiff and Sellers were
negotiating, Phil Walker was to come upon the scene
and attempt to buy the Pitts note and state that old
man Pitts was already in town desiring to pay it, that
this fraud was practiced, and induced the plaintiff to
close the trade, thinking that Walker would take the
note for $245, or that it would be paid in a few minutes
by the elder Pitts, and that Walker had no idea at the
time of buying the note, and what he said as to old man
Pitts was false. The proof also shows that the plaintiff
upon discovering the fraud offered to return the notes
and demanded the horse. The defendants' proof con-
tradicted the plaintiff's evidence as to a conspiracy, and
was believed by the jury, and their conclusion is not
presented for review; the assignment of errors relating
only to the ruling upon the evidence, except as to the
jurisdiction.

The plaintiff's theory being that the Pitts note was
practically worthless, and which fact was known to
Sellers, that he practiced a fraud by having Walker
come upon the scene and stimulate the plaintiff to close
the trade by artifice and fraud, and the fact that Sel-
lers got the note from Griffin for a small or no consid-
eration, and whether or not it was worthless, were all

[Mann v. Darden, et al.]

circumstances corroborative of the plaintiff's theory of the case, and the trial court erred in not letting the plaintiff interrogate Sellers, upon cross-examination, as to these facts. .When an issue of fraud is being tried, great latitude should be allowed the party undertaking to establish the fraud in the production of the evidence, and this is especially true in the cross-examination of the person charged with the fraud.—*Snodgrass v. Bank of Decatur*, 25 Ala. 174, 60 Am. Dec. 505; *Nelms v. Steiner*, 113 Ala. 562, 22 South. 435.

It is true that, upon a former appeal in this case (163 Ala. 297, 50 South. 1033) it was said that Darden was not entitled to the general charge. We have not examined the record on former appeal to ascertain whether or not the evidence, as to him, is the same as it is here; but, be that as it may, the evidence in the present record does not make out a prima facie conspiracy as to said Darden, and we are not to be influenced by the former holding in determining this question. Section 5965 of the Code of 1907.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL C. J., and SAYRE, JJ., concur. McCLELLAN, J., concurs only in the conclusion.