# Mann *v.* Darden, *et al.*

*Trespass and Trover.*

(Decided November 19, 1912. Rehearing denied December 7, 1912. 60 South. 454.)

1. *Fraud; Action; Evidence.*—Where fraud is relied on great latitude should be allowed in the introduction of evidence.

2. *Evidence; Credibility; Deposition.*—The weight to be given the evidence of a witness testifying by deposition is different from that when he testifies ore tenus.

3. *Appeal and Error; Conflict with the Record; What Governs.*—Statements in the record must govern when they conflict with those in the bill of exceptions.

4. *Trover; Instruction.*—In an action of trover and trespass, when conspiracy is relied upon a charge asserting that if the plaintiffs failed to prove conspiracy, the verdict must be for the defendant is improper in requiring absolute proof instead of proof to the reasonable satisfaction of the jury.

5. *Same.*—Where the plaintiff relied on both fraud and conspiracy in an action of trespass and trover, a charge authorizing a verdict for the defendant in case a conspiracy was not shown was improper in disregarding the issue of fraud.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by T. J. Mann against John A. Darden and others for trespass and trover. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

[Mann v. Darden, et al.]

For former proceedings in this cause see *Darden et al. v. Mann,* 163 Ala. 297, 50 South. 1033, and *Mann v. Darden et al.,* 171 Ala. 142, 54 South. 504.

The following charges were given at the request of the defendant: (1) "I charge you, gentlemen of the jury, that the burden of proving a conspiracy among the defendants to defraud or cheat the plaintiff out of his horse rests upon the plaintiff, and this he is required to do before you can find against the defendant. He must make this proof to your reasonable satisfaction, from the evidence adduced before you on the witness stand. If plaintiff fails to so prove the conspiracy, your verdict must be for the defendant." (Z) "I charge you that you are to give the depositions of the defendant Phil Walker the same weight and credibility, in making your verdict in this case, as if he had testified to you from the witness stand."

RIDDLE, ELLIS, RIDDLE & PRUIT, for appellant. For former appeals in this case see *Darden v. Mann,* 163 Ala. 297, and *Mann v. Darden,* 54 South. 504. Great latitude is allowed in producing testimony as to fraud. —*Melms v. Steiner Bros.,* 113 Ala. 562. It was competent then to show the financial standing of the parties to the transaction.—*Darden v. Mann,* 163 Ala. 297. There is a difference in the weight and credibility to be given evidence by deposition, and evidence ore tenus.— 50 Am. Dec. 476; 11 Am. Dec. 632. Where the evidence is so clearly against the verdict as to convince the court that it was wrong and unjust, it will be set aside. —*Bir. Nat. Bank v. Bradley,* 116 Ala. 142.

GEORGE A. SORRELL, and JOHN A. DARDEN, for appellee. Proof of conspiracy must be clear, full and satisfactory.—3 Enc. of Evid. 416; 8 Cyc. 691; 178 Ill. 19. This cause should be affirmed on the authority of *Dar-*

*den v. Mann,* 163 Ala. 297, and *Mann v. Darden,* 54 South. 504.

PELHAM, J.—This is the third appeal in this case. The other two appeals were considered by the Supreme Court before this court was established.—*Darden et al. v. Mann,* 163 Ala. 297, 50 South. 1033; *Mann v. Darden, et al.,* 171 Ala. 142, 54 South. 504. The record in the case shows no change from the cases presented on the former appeals so far as the issues in the trial court are concerned. The suit is at the instance of the appellant against the appellees, is in trespass and trover, and proceeds upon the theory that the defendants fraudulently procured a stallion from the plaintiff by leading the plaintiff to believe that certain notes received in trade for the animal were valuable when in fact they were not; that by this fraud and deception, in which the defendants conspired against plaintiff, he was induced to part with his property for worthless notes given for patent "washing machine contracts."

As the case must be again reversed for errors presently discussed, we will not treat in detail the several assignments of error based on the court's rulings on the evidence. But, for the benefit of the trial court on another trial, we call attention to the rule referred to by the Supreme Court, when the case was last before that court on appeal, of allowing great latitude to a party in the introduction of evidence when an issue of fraud is involved and a conspiracy relied upon. Some of the rulings on the evidence presented on this appeal approach very close, if they do not overreach, the line of showing reversible error because of a failure to observe this rule.

Charge Z, requested by the defendants, should not have been given. The Supreme Court in a number of

cases has held that the weight and credibility to be given the testimony of a witness when testifying ore tenus is necessarily different from that given to it when in the form of written testimony.—See *Thompson v. Collier*, 170 Ala. 469, 54 South. 493, citing several of these cases and reaffirming this rule. The data afforded the trial court or jury as triors of the facts by an observance of the witness, when delivering his testimony ore tenus, gives an advantage in weighing the credibility of the statements of the witness not imparted by the paper writing, when reduced to that form of testimony, and the jury should not be instructed by the court to give the same weight and credibility to this testimony in making their verdict, for they did not have the opportunities afforded for doing so. The effect of the charge is an instruction that the jury cannot consider matters which it is proper for them to consider in arriving at the weight and credibility to be given the testimony of a witness.

Charge No. 1, given at the instance of the defendants, differs in the wording of the last sentence as set out in the record and as set out in the bill of exceptions. As a general rule, the statements of the record govern when they conflict with the bill of exceptions. This charge, as set out in the record, requires too high a degree of proof. The last sentence of the charge as set out in the record is, "If the plaintiff fails to *prove* the conspiracy, your verdict will be for the defendants." (Italics ours.) The proof is not required to be absolute, but only that it shall be to the reasonable satisfaction of the jury.—*Du Bose v. Conner*, 1 Ala. App. 456, 55 South. 432; *Lawrence v. Land Co.*, 144 Ala. 524, 41 South. 612; *So. Ry. Co. v. Hobbs*, 151 Ala. 335, 43 South. 844; *McEntyre v. Hairston*, 152 Ala. 251, 44 South. 417.

This charge, as well as others, predicates a verdict for the defendants alone on the failure to show a conspiracy, while on one phase of the case plaintiff might recover, of one of the defendants because of fraud practiced without showing a conspiracy on the part of the other defendants, or a participation by them in practicing the fraud. The charge, in other words, ignores one of the issues in the case and predicates a finding for all of the defendants on the issue alone of conspiracy, without regard to the effect of the tendency of the evidence in affording inferences from which the jury might find for the plaintiff on another issue.

The insistence made by counsel for defendants in brief that on the evidence each of the defendants was entitled to the general charge, and that if there is error it is without injury, is untenable. The case was properly submitted to the jury, certainly as to two of the defendants.

Reversed and remanded.

