# McDaniel v. The State.

*Assault and Battery.*

(Decided February 12, 1914. 64 South. 641.)

1. *Appeal and Error; Record; Conflict.*—Where a statement in a bill of exceptions conflicts with matter properly a part of, and shown by, the record proper, the recitals of the record will control.

2. *Same; Review; Presumption.*—In favor of the court's ruling allowing a witness to testify as to the good character of the party assaulted it will be presumed that the witness testified to facts showing a knowledge thereof, and justifying the refusal to grant the motion to exclude the evidence for which no ground was stated.

3. *Criminal Law; Verdict; Recital in Judgment.*—The verdict recited in the judgment was prima facie correct, although varying somewhat from the written verdict found in the papers, as regular judgment recitals import verity and are conclusive.

4. *Same; Surplusage.*—The addition of the words "and costs" in a verdict assessing a fine is mere surplusage, not rendering the verdict invalid.

5. *New Trial; Criminal Case.*—The action of the court in overruling a motion for new trial in a criminal case will not be reviewed on appeal.

6. *Assault and Battery; Evidence; Threats.*—Evidence of threats or declarations of hostility made by defendant against the assaulted party about an hour and a half before the assault is admissible to show criminal intent; and also as shedding light as to who was at fault in provoking the quarrel or bringing on the difficulty.

7. *Trial; Objections to Evidence; Time.*—The litigant cannot speculate on a favorable answer by not objecting to a question, and then move to exclude a responsive answer.

8. *Charge of Court; Directing Verdict.*—Where the evidence is conflicting it becomes a question for the jury, and the court cannot properly direct a verdict.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Doc McDaniel was convicted of an assault with a weapon and he appeals. Affirmed.

WERT & LYNNE, and O. KYLE, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The court's refusal to grant the defendant's motion in arrest of judgment because the jury assessed a fine of $50 "and costs" against the defendant was without error. The judgment entry does not show the verdict of the jury to be in the form complained of, but, on the contrary, the verdict set out in the judgment is, in all respects, regular, and in the following words and figures: "We, the jury, find the defendant guilty, and assess his fine at fifty ($50.00) dollars. J. A. Gilliland, Foreman."

When the statements in a bill of exceptions conflict with matters that are shown by, and properly are a part of, the record proper, the latter must prevail over the former.—*Mann v. Darden,* 6 Ala. App. 555, 60 South. 454.

The verdict recited in the judgment is prima facie correct, although variant from the verdict found in the papers.—*State v. Underwood,* 2 Ala. 744. The regular judgment recitals of the court import verity, and are conclusive.—*Deslonde et al. v. Darrington,* 29 Ala. 92.

The addition to the verdict of the words *"and costs,"* after the assessment of a stipulated fine (as shown by the verdict set out in the bill of exceptions), would not make the vredict invalid. The italicized words would be mere surplusage. A verdict imposing a fine and imprisonment or hard labor on a trial under an indictment for an assault and battery, although invalid or unauthorized as imposing imprisonment and hard labor, has been held to be sufficient to sustain a judgment of guilt and sentence to pay the fine imposed, and the imposition of the unauthorized punishment but surplusage, not rendering the verdict void.—*Taylor v. State,* 114 Ala. 20, 21 South. 947.

The action of the trial court in passing on the defendant's motion for a new trial is not reviewable here. —*Ferguson v. State,* 149 Ala. 21, 43 South. 16.

The testimony of the witness Draper as to threats or declarations of hostility made by the defendant against the assaulted party about an hour and a half before the assault was competent and relevant, as tending to show a criminal intent to commit the crime charged, and as shedding light upon the question as to who was at fault in provoking the quarrel, or in bringing on the difficulty.—*Hudson v. State,* 61 Ala. 333; *Parham v. State,* 147 Ala. 57, 52 South. 1.

No objection is shown to have been made to the question eliciting the testimony by the witness Stewart as to the good character of the assaulted party, and a motion to exclude the answer, evidently responsive to a direct question, comes too late. A party cannot thus speculate on a favorable answer by not objecting to the question, and then move to exclude a responsive answer. The bill of exceptions does not purport to set out all of the evidence, and it will be presumed in favor of the court's ruling that this same witness (Stewart)

testified to facts showing his knowledge of the character of the defendant justifying the court's refusal to grant the defendant's motion, for which no ground was stated, to exclude the evidence of the witness on this subject.

The evidence was in conflict, and the court properly submitted the case to the jury, and refused the charges requested by the defendant in writing, as each was, in effect, the general charge in behalf of the defendant.

We find no error in the record, and the judgment of the lower court will be affirmed.

Affirmed.