162 So.2d 473

**Coy SMITH**

**v.**

**STATE of Alabama ex rel. MAYOR AND TOWN COUNCIL OF CITRONELLE.**

**I Div. 186.**

Supreme Court of Alabama.

March 26, 1964.

---

Pierre Pelham, Mobile, for appellant.

Z. B. Skinner, Jr., Mobile, for appellees.

HARWOOD, Justice.

Action below was in the nature of quo warranto, brought under the provisions of Sections 1133–1135, Title 7, Code of Alabama 1940.

The bill and the facts stipulated show that the complainants were the Mayor and councilmen of the Town of Citronelle, Alabama, and that the respondent, Coy Smith, was elected a councilman of the Town of Citronelle around 1 October 1960; that in 1962, Coy Smith was duly elected a member of the Alabama Legislature as a representative from Mobile County, and took oath of office as such representative on 8 January 1963, and was holding such office at the time of the filing of the bill; that the Town of Citronelle is a municipality in Mobile County, and Coy Smith is entitled to a salary of $25.00 per month as councilman.

On 13 September 1963, a jury trial having been waived, the cause was submitted to the court, who took the cause under consideration on an agreed statement of facts.

On 4 October 1963, the court entered an order setting forth that it coming to the court's attention that Coy Smith had resigned as councilman of the Town of Citronelle, the questions raised in the proceedings were moot, and the bill was dismissed.

However, on 7 October 1963, the order of dismissal was set aside, and trial was had.

After consideration of the evidence submitted, the court rendered a judgment ordering the exclusion of Coy Smith from office as councilman of the Town of Citronelle, and taxed the costs against Smith.

From this order and judgment Smith perfected this appeal.

The sole question in this case is whether Coy Smith may serve as councilman of the Town of Citronelle, and as a member of the Alabama Legislature simultaneously.

Section 280 of the Alabama Constitution of 1901, prohibits a person from holding two offices of profit at one and the same time under this State.

Section 5(7), Title 41, Code of Alabama 1940, likewise prohibits any person from holding "two offices of profit at one and the same time under this state."

Appellant concedes that the legislative office held by him is an office of profit and we have so indicated in Opinion of the Justices, 244 Ala. 386, 13 So.2d 674.

The office of councilman of Citronelle is also an office of profit, the term being fixed by statute at four years, Tit. 37, § 404, Code 1940, and the salary being $25 per month. See Alexander v. State, 274 Ala. 441, 150 So.2d 204.

This court has declared that the entering upon the duties of a second office operates, ipso facto, to absolutely vacate the first office. State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Mann v. Darden, 171 Ala. 143, 54 So. 504. Thus, when appellant, who held the office of councilman, took the oath of office and entered upon the duties as a member of the Legislature from Mobile County, he, ipso facto, vacated the office of councilman of Citronelle.

It follows that the trial court correctly ordered appellant's exclusion from the office of councilman.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.