218 So.2d 258

**STATE ex rel. James C. VAN ANTWERP, Jr., et al.**

v.

**Elwood L. HOGAN.**

**1 Div. 500.**

Supreme Court of Alabama.

Jan. 16, 1969.

Bert S. Nettles, Mobile, and Elisha C. Poole, Greenville, for appellants.

**447**

Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

HARWOOD, Justice.

This is an appeal arising out of the action of the lower court in overruling appellants' demurrers to an answer filed by the appellee. The appellants thereupon took a non-suit with leave to appeal.

In the court below the appellants filed a petition for a writ of quo warranto praying that Elwood L. Hogan be required to show by what right or authority he holds and continues to hold, the office of Special Judge of the Court of General Sessions of Mobile County, and prays that on final hearing that Hogan be adjudged guilty of usurping, intruding into, or unlawfully holding such office, and that he be excluded from exercising the powers and duties thereof.

The petition consisted of Count A and Count B. Count A differs from Count B in that Count A sets forth that Hogan was duly elected a member of the House of Representatives from Mobile County in 1966, and entered upon the duties of such office, which is an office of profit; it is further alleged that Hogan has not resigned from the legislature, and that on 3 October 1967, he was appointed to the judgeship above mentioned and thereafter entered upon the duties of said office. This, despite the provisions of Section 280 of our Constitution of 1901, providing that no person shall hold two offices of profit at the same time under this state, except justices of the peace, constables, notaries pub-

lic, and commissioner of deeds, and despite the provisions of Section 150 of our Constitution providing that judges of courts of record shall not hold any office, except judicial offices, of profit or trust, except during the term for which they are elected or appointed, and despite the provisions of Sections 42 and 43 of our Constitution relative to the separation of powers of government into three divisions, i. e., executive, judicial, and legislative.

Count B omits the details of Hogan's political history, but sets forth that he has intruded into and unlawfully holds the judgeship, with a prayer for relief the same as in Count A.

The court sustained appellee's demurrer as to Count A, and overruled the appellee's demurrer as to Count B.

The appellee then filed his answer which sets forth:

1. That defendant-appellee is over the age of 21 years, is a life-long resident and property owner of and in Mobile County, and is a qualified voter in said county, and has been a duly licensed and qualified attorney-at-law in Mobile since April 4, 1956.

2. (This paragraph sets forth the creation of the Court of General Sessions of Mobile County by the Legislature in 1956.)

3. In 1966, Frank O. Alonzo was duly elected judge of said court, was sworn in and assumed the duties of said judgeship in February 1967; that in June 1967, Frank O. Alonzo was impeached by a verdict of a jury and judgment of the Circuit Court of Mobile County, from which judgment Alonzo has perfected an appeal to the Supreme Court of Alabama.

4. That the Legislature of the State of Alabama passed an Act, a copy of which is attached to the answer and made a part thereof, creating the office of Special Judge of the General Sessions Court of Mobile County, Alabama, Place No. 1, in the event of impeachment proceedings pending against a judge of the Court of General Sessions. That Act gave to the Governor of the State of Alabama the right to appoint a qualified person to hold such position whenever it was made known to her that such judge had impeachment proceedings pending against him.

5. Prior to 3 October 1967, Governor Lurleen Wallace, being advised of the pending impeachment proceedings against Alonzo, issued a commission in due form to appellee, Elwood L. Hogan, to serve as Special Judge of the Court of General Sessions of Mobile County, Place No. 1.

6. On 4 October 1967, the commission was received by appellee, and on that day he was duly sworn in as Special Judge, Court of General Sessions of Mobile County, Alabama, Place No. 1, and immediately assumed the duties of said office, and is still serving therein.

The answer concludes:

"Wherefore Elwood L. Hogan says he is rightfully holding the office of Special Judge, General Sessions Court, Place No. 1, Mobile County, Alabama."

The appellants filed a demurrer to this answer. The court overruled the demurrer, observing:

"I think it is fair to state for the record that when the pleading and proof is in, the Court has an opinion, anchored in cement, which will not be changed this afternoon. The Court has an opinion, anchored in cement, that it was not unlawful in and of itself to accept the second office, that the second office ipso facto vacated the first office. I am not going to recant from that, but if I can help you get your record straight for your appeal this afternoon, I will be glad to do it. That's all I can say. Let's be in recess until 1:30."

The appellant has made three assignments of error.

Assignments of error No. 1 and No. 2 relate to the action of the court in overruling appellants' demurrer to Count A of the petition.

Assignment of error No. 3 asserts as error the action of the court in overruling appellants' demurrer to appellee's answer.

*Assignments of Error No. 1 and No. 2*

While Count A asserts generally that Hogan has unlawfully intruded into and usurped the office of Special Judge of the Court of General Sessions, it goes further and asserts that Hogan was "duly" elected in 1966 a member from Mobile County of the House of Representatives of the Alabama Legislature * * * and that "the said Elwood L. Hogan has not resigned from his office in the Alabama Legislature, and that said House of Representatives of the Alabama Legislature has not declared said office to be vacant."

Count A further avers that "On, to-wit, the 3rd day of October 1967, the said Elwood L. Hogan was appointed to the office of Judge or Special Judge of the Court of General Sessions of Mobile County, Alabama, a court of record, and that the said defendant immediately thereafter assumed and entered upon the duties of said office, an office of profit under the State of Alabama."

Thus specific facts upon which petitioner based his right to relief are alleged in addition to the general allegation that Hogan unlawfully intruded himself into the judgeship. From aught appearing from these specific allegations, Hogan's intrusion into the office may have been lawful.

■■■■ Where a pleader, in addition to setting out general allegations, alleges specific facts upon which he bases his right to relief, the sufficiency of his complaint will be tested by the specific facts alleged and the specific facts must as a matter of law show the pleader's right to relief. Gaines

v. Harmon, 246 Ala. 307, 20 So.2d 503; Local 204 of Textile Workers Union v. Richardson, 245 Ala. 37, 15 So.2d 578. In this aspect it would appear that the court's ruling sustaining the demurrer to Count A was correct.

■■ Even had the above principle not compelled the conclusion reached on this point, we would have been unwilling to cast a reversal on the lower court because of his ruling sustaining the appellee's demurrer to Count A. This, for the reason that under Count B, to which demurrers were overruled, the petitioner, without any additional burden, would have the benefits of the matter alleged in Count A. Any error contended for by the appellants because of the court's action in sustaining the demurrer to Count A did not probably affect the appellants in any substantial right. Sup.Ct. Rule 45; Hartley v. Fuller, 263 Ala. 695, 84 So.2d 124; Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846.

Assignments of error No. 1 and No. 2 are without merit.

*Assignment of Error No. 3.*

This assignment asserts as error the action of the court in overruling appellants' demurrer to the answer of the appellee.

Appellee's answer, in material parts, has been set forth above. It clearly shows appellee to possess the required qualifications for appointment to the judgeship.

A reading of the Act creating the Court of General Sessions of Mobile County (Act 40, approved 23 March 1956, Vol. 1, p. 328), removes all doubt but that said court is a court of record and that the judges thereof hold an office of profit under this state. See also Montgomery v. State ex rel. Enslen, 107 Ala. 372, 18 So. 157.

The real question raised by assignment of error No. 3, is whether a member of the legislature is, during his term of office, eligible to be appointed to an office of profit under this state which office was

not created, nor the emoluments of such office, increased during his term of office. See Section 59, Constitution of Alabama, 1901.

The landmark case pertaining to the question before us is Scott v. Strobach, 49 Ala. 477. Strobach, while a member of the General Assembly of Alabama, had been elected Sheriff of Madison County. His election was contested by Scott, the runner-up in the election. The grounds of the contest were, (1) that Strobach was ineligible to the office of sheriff because at the time of the election, and at the time he received his commission as sheriff, he was a member of the General Assembly, and (2) that Strobach was ineligible to said office because he was not a citizen of the United States. We, of course, are not concerned with this latter ground in this proceeding.

Justice Brickell's opinion appears first in the report of Scott v. Strobach. It is an unusually lengthy opinion for this jurist who possessed the faculty of condensing his enunciations to brief, yet clear, expositions of the facts and applicable legal principles.

In the course of his opinion, Justice Brickell reviews the common law principle preventing one person from holding incompatible offices, a rule jealously guarded and extended in our Federal and State Constitutions in those provisions dividing our government into "separate bodies of magistry," that is, legislative, executive, and judicial.

For clarity, we quote the following pertinent paragraphs from Justice Brickell's opinion:

"* * * But the Constitution is satisfied when the officer is confined in the exercise of power, and in the discharge of duty, to a single department of the government. Beyond this its prohibitions do not extend in letter, spirit, or in the evil to be avoided. *The constitutional prohibition is not directed against the election to office, in one of the departments of government, of a person holding office in another department; but it is against the holding of two offices, whereby the same individual would exercise power and discharge duty pertaining to different branches of the government."* (Italics ours.)

\*     \*     \*     \*     \*     \*

"* * * If a citizen, who is a qualified elector, and who is not obnoxious to the disqualification imposed by the 3d section of the seventh article, or to some other clause of the Constitution, is, while holding office, elected by the people to another, we hold he is eligible, and has the unqualified right of accepting and holding the latter office.

\*     \*     \*     \*     \*     \*

"* * * The acceptance of the second was an absolute determination of the original office, leaving no shadow of title in the original possessor, so that neither a motion or *quo warranto* was necessary before another could be appointed or elected.

\*     \*     \*     \*     \*     \*

"* * * The renunciation of his seat in the General Assembly no longer depended on the volition of the appellee. He had exercised and declared his volition, as certainly and as expressly as if a formal resignation had preceded or attended his acceptance of the office of sheriff. No further act of his, nor any act of the General Assembly, was necessary to its consummation."

Justice Saffold, with Peters, C. J., concurring, did not agree with Justice Brickell's view that acceptance by an officeholder under this state of a second office ipso facto vacated his first office, but expressed their views as follows:

"Saffold, J.—I think the acceptance of an office by one who at the time holds an incompatible office does not, *ipso facto*, vacate the first. It gives evidence of the intention of the incumbent to resign the first office, more or less strong, according to the evident or manifest in-

compatibility of the two. It furnishes ground to compel the officer to select which he will hold; and when the incompatibility is declared, he ought to be allowed the privilege of selection.

"I prefer not to express an opinion now on the eligibility to office of one who is not a qualified elector.

"With these exceptions, I concur fully in the opinion of the court."

Thus all of the Justices are in accord that the constitutional provisions relating to separation of branches of government go only to the *holding* of incompatible offices and not to *eligibility* for election or appointment to office.

In Mann v. Darden, 171 Ala. 142, 54 So. 504, one of the questions to be decided was whether Section 280 of our Constitution prohibiting the holding of two offices of profit at the same time, invalidated the acts of a duly appointed special judge who at the time was a member of the state Senate. In disposing of this question, the court wrote:

"Whether this Section applies to a mere temporary appointment to hold a special term of court, we need not decide for, if it does, it would not invalidate his acts as special judge, as the acceptance of the last office would only operate as a resignation or vacation of the former office. 29 Cyc. 1382, and cases cited in note 81."

Implicit in this opinion is an adoption of the views of Justice Brickell that acceptance of a second state office vacates the first, and rejection of the views of Saffold, J., and Peters, C. J., that acceptance of the second office only evidenced an intent to resign the first office.

In State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553, quo warranto proceedings were brought to test the right of Herzberg to hold the office of Chairman of the Board of Commissioners of the City of Gadsden, said city commission having been created by an act which contained the provision that: "No member of the Commission * * * shall hold any office of profit or trust under the laws of any State of the United States."

At the time of entering upon the city office, Herzberg was a member of the Board of Trustees of the University of Alabama. In disposing of Herzberg's right to hold the city office, this court wrote:

"In line with the weight of authority generally, this court has declared that statutory and constitutional provisions forbidding the holding of two offices at the same time do not render the holder of one office ineligible to election or appointment to another, nor prevent him from lawfully qualifying and entering upon the duties of the latter office; that the entering upon the duties of the latter, ipso facto, vacates the former office. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Mann v. Darden, 171 Ala. 143, 54 So. 504; note to Attorney General v. Oakman, 86 Am.St.Rep. 582.

"The statute before us seems to have been framed with reference to this rule. It follows that, if membership on the board of trustees of the University be the holding of an office of trust within the meaning of this statute, respondent's acceptance and entry upon the duties of his new office, ipso facto, without resignation, vacated the former office.

"We need not, therefore, determine whether membership on the board of trustees of the University is an office of trust within the meaning of such statute. Such inquiry would go only to whether Judge Herzberg may lawfully continue to serve as a trustee of the University."

In Smith v. State, etc., 276 Ala. 378, 162 So.2d 473, quo warranto proceedings had been brought to determine Smith's right to continue in the office of Councilman of the Town of Citronelle, he having been elected to and entered upon membership

in the legislature. The lower court entered a judgment excluding Smith from his office as councilman. In affirming, we wrote:

"This court has declared that the entering upon the duties of a second office operates, ipso facto, to absolutely vacate the first office. State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Mann v. Darden, 171 Ala. 143, 54 So. 504. Thus, when appellant, who held the office of councilman, took the oath of office and entered upon the duties as a member of the Legislature from Mobile County, he, ipso facto, vacated the office of councilman of Citronelle."

Counsel for appellants argue that the principle of accepting a second state office of profit by one already holding an office of profit under this state is inapplicable in the present case in that under the provisions of Section 51 of our Constitution each house of the legislature judges the qualifications of its members.

The court's having no jurisdiction to determine the qualifications of members of the legislature, counsel for appellants contend that we should apply an observation made in Shepherd v. Sartain, 185 Ala. 439, 64 So. 57, and declare Hogan disqualified from *holding* the judgeship.

Shepherd v. Sartain, supra, involved an election contest. The contestee filed a special plea averring that at the time of the election the contestant was holding an office of profit under the United States, viz., a postmastership with a salary in excess of $200 annually. The contestant's demurrer to this plea was sustained. The judgment of the lower court was affirmed in all aspects. After pointing out that "* * * it is well settled by an overwhelming array of authority that the acceptance of a second office of the kind prohibited [by Section 280 of the Constitution] operates ipso facto to vacate the first office," the court wrote:

"Counsel for appellee have sought to escape the conclusion above indicated by invoking the distinction between double office holding where the first office is a federal or foreign office. *But that fact does not enlarge or affect the incumbent's disqualification for holding a second office under the state.* It merely prevents the automatic vacation of the federal office by the acceptance of and attempted qualification for the state office, which to be valid and effectual must be preceded by an actual vacation of the other office.

"It is worthy of note that, if the construction contended for by the contestee in regard to federal officeholders be correct, the same rule must be applied under the express language of the Constitution and of the statute to state officeholders, with the result that no incumbent of a state office could be elected or appointed to any other state office except upon his prior vacation of the first office—a conclusion at war with the long settled practices of our people, and we believe never heretofore conceived of." (Italics ours.)

It is clear under the second paragraph of excerpt from Shepherd v. Sartain just quoted, that the court rejected the idea that the holder of a state office of profit must formally resign his office prior to holding a second office of profit under the state if he be eligible for appointment or election to the second office.

This is in accord with Justice Brickell's opinion in Scott v. Strobach, supra, at page 486, to the effect that the principle that the acceptance of a second office vacates the first office, is applicable only when the two offices emanate from the same government.

Appellants' contention now under consideration is answered in In re Opinion of the Justices, 254 Ala. 160, 47 So.2d 586, wherein it is opined:

"* * * But, when the first office is that of a representative or senator in the General Assembly, and the question

arises whether the acceptance of another office operates as an implied resignation of the first, the principle of resignation or abandonment remains the same, and should be adhered to and enforced, *and we may not assume that the officials of the state under their oaths of office will repudiate knowingly this constitutional prohibition*; but the Courts, ordinarily constituted, may not proceed to hear and adjudicate, for they are not the tribunals provided by the Constitution for the determination of such question." (Italics ours.)

■ The appellee having vacated his membership in the legislature by entering upon the office of Special Judge of the Court of General Sessions, to which he was duly appointed, he can be deemed to be holding but one office of profit under this state. Sections 42, 43, and 280, can have no field of operation in such situation.

Counsel for appellant further contends that Hogan should be ousted as Judge of the Court of General Sessions of Mobile County because of the provisions of Section 150, Constitution of Alabama.

Section 150, in parts pertinent to this review, provides:

"The justices of the supreme court, chancellors, and the judges of the circuit courts and other courts of record, except probate courts, shall * * * receive no fees or perquisites, nor hold any office, except judicial offices, of profit or trust under this state * * * during the term for which they have been elected or appointed."

In support of this contention, counsel for appellants argue in brief:

"Because it is a court of record, Section 150 of the Constitution of Alabama, 1901, prohibits one man from simultaneously holding a judgeship of the Court of General Sessions of Mobile County and another non-judicial office of profit or trust under this state, such as a seat in the state legislature. Although the judi-

ciary is impotent to question appellee's holding of his legislative office, this Court is specifically charged by the Constitution of the State of Alabama with the duty, responsibility and authority to protect the independence of the judicial department from invasion by any other department of government."

A reading of Section 150 of the Constitution shows that the judicial officers named therein are made ineligible, and are disqualified to hold any other office of profit or trust except another judicial office, during the term for which they are elected or appointed.

■ Being ineligible and disqualified to hold any other public office of profit or trust, other than judicial during the term for which he is elected or appointed, an attempted occupancy of a second public office of profit or trust by any of the judicial officers named in Section 150 of the Constitution would be a nullity, and if by color of election or appointment to a second office, he attempts to hold the second office, he will be removed from it.

■ This, for the reason that the rule of ipso facto vacancy of a state office of profit by acceptance of a second office of profit does not apply where under applicable constitutional or statutory provisions the holder of a public office is rendered ineligible for a specified time for a second public office. Under such circumstances it is the second office which is considered vacant rather than the first office. McWilliams v. Neal, 130 Ga. 733, 61 S.E. 721; State v. Kearns, 47 Ohio State 566, 25 N.E. 1027; Shelby v. Alcorn, 36 Miss. 273, 72 Am.Dec. 169; 42 Am.Jur., Public Officers, Section 80.

Since Hogan's first office was in the legislature, and not judicial, he was eligible for appointment to a second office of profit, the acceptance of which would ipso facto vacate his legislative office under the provisions of Section 280 of our Constitution relative to the *holding* of more than one office of profit under this state at one and the same time.

**454**

Further, since Hogan has accepted and entered upon the judicial office, he vacated his legislative office, what we have written above as to the inapplicability of Sections 42, 43, and 280 of our Constitution, would be equally operative under the facts of this case to Section 150 of our Constitution.

█ In other words, having accepted an appointment as Judge of the Court of General Sessions of Mobile County, Hogan thereby vacated his legislative office, and during the term of his judicial office, he is ineligible to hold any other office of profit or trust under this state other than a judicial office.

█ While Hogan's term of office is of uncertain duration, we cannot see that this would in any wise affect the legal principles we have alluded to above.

The judgment herein appealed from is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.