240 So.2d 227

Elwood L. HOGAN

v.

The STATE of Alabama on relation of James C. VAN ANTWERP, Jr. and James C. Van Antwerp, Jr.

1 Div. 23.

Court of Civil Appeals of Alabama.

May 13, 1970.

Rehearing Denied June 3, 1970.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellant.

Bert S. Nettles, Mobile, for appellees.

BRADLEY, Judge.

This is an appeal from an order of the Circuit Court of Mobile County denying appellant's motion to tax as costs appel-

lant's attorney's fees and other costs against appellee who was the unsuccessful informant in a quo warranto proceeding against appellant.

Appellee had instituted quo warranto proceedings against appellant to test his right to hold the office of Special Judge of the Court of General Sessions of Mobile County, Alabama. And at the time the proceeding was filed, appellee, pursuant to Title 7, Section 1137, Code of Alabama 1940, as Recompiled 1958, gave security for the costs of the action.

The bond for security of costs given by appellee is as follows:

"SECURITY FOR COSTS

"We, the undersigned, hereby acknowledge ourselves security for all costs in the above cause, and hereby agree to pay all such costs.

"Witness our hands and seals this 8th day of December, 1967.

"/s/ JAMES C. VAN ANTWERP, JR.
JAMES C. VAN ANTWERP, JR.

"MARYLAND CASUALTY COMPANY OF BALTIMORE, MARYLAND, a corporation organized under the laws of the State of Maryland

"By /s/ HUGH F. TINNEA
ATTORNEY IN FACT"

After the quo warranto proceeding was decided in favor of Judge Hogan (State ex rel. Van Antwerp v. Hogan, 283 Ala. 445, 218 So.2d 258), he filed in the Circuit Court his motion to tax costs. The costs set out in the motion are as follows:

"ITEMIZED COSTS

"EXPENSES TENDERED TO SUPREME COURT

| | |
|---|---|
| "Holiday Inn (Johnston) | 7.89 |
| "Holiday Inn (Langford) | 7.69 |
| "Holiday Inn (Hogan) | 14.73 |
| "Elite Cafe | 55.40 |
| "Gas | 10.86 |
| "Long Distance Calls | 7.76 |
| "Miscellaneous | 12.55 |
| "Attorney's fee of Howell, Johnston, Langford & Finkbohner for Appearing in Circuit Court and Appearing in Supreme Court | 3,000.00 |
| | $3,116.88 |

"By ELWOOD L. HOGAN"

The Circuit Court, after hearing, ruled as a matter of law that the items set out in the motion could not be taxed as costs in the quo warranto proceeding.

The appellant's only assignment of error contests the Circuit Court's ruling on the motion to tax costs as above set out.

Appellant argues in brief that the itemized cost figures set out above come within the provisions of appellee's bond and, therefore, must be paid by him.

As statutory authority for his contention, appellant cites us to Title 7, Sections 1151 and 1152, and Title 11, Section 65, Code of Alabama 1940, as Recompiled 1958, which are quoted as follows:

Section 1151:

"On an abatement of the action, judgment must be rendered against the sureties of the informant for the costs."

Section 1152:

"In all cases under this chapter, in which judgment is rendered against the informant for costs, execution may issue therefor against his sureties."

Section 65:

"The successful party in all civil actions is entitled to full costs for which judgment must be rendered, unless in cases otherwise directed by law, or by the judgment of the court. The court may apportion the costs at his discretion as justice and equity may require; and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors. In all cases where costs are adjudged against any party who has given security for costs, execution may be ordered to issue against such security; but this section shall not apply to justice of the peace courts; but in such courts, the successful party shall recover his costs."

The question then arises, are attorney's fees costs within the language of the above statutes and the provisions of the bond heretofore quoted?

The general rule, as adopted in this State by the Supreme Court in Low v. Low, 255 Ala. 536, 52 So.2d 218, is that attorney's fees are not allowed as a part of the costs of a proceeding unless so provided by contract, statute or recognized ground of equity.

Appellant urges in brief that there are instances in which attorney's fees are allowed as costs, and this is one of those instances. To support his contention, he cites us to Williams v. Flowers, 90 Ala. 136, 7 So. 439; Penney v. Pritchard & McCall, 255 Ala. 13, 49 So.2d 782; and Stanley v. Beck, 242 Ala. 574, 7 So.2d 276. After careful examination, we consider none of these cases to be applicable to the present situation.

The *Williams* case, supra, involved a promissory note (contract) which contained a cost of collection clause. The court did hold that attorney's fees were part of the costs of collecting the money due on the note, but we are of the opinion that the court was merely enforcing the provisions of the contract.

In *Penney* and *Stanley,* supra, the court allowed the collection of attorney's fees on the equitable principle that where a common fund has been created, such fees will be allowed.

Consequently, we do not believe the three cases cited above to be apt authority for a decision in the case at bar.

Now we come to the question of whether the statutes heretofore set out provide for attorney's fees as costs.

Appellee reminds us of the principle of statutory construction that where a statute specifically enumerates certain things on which it is operating, the statute is to be construed as excluding from its operation all those things not expressly enumerated. Sanders v. Thigpen, 277 Ala. 198, 168 So.2d 228. The result of an application of this principle would be that since attorney's fees are not specifically provided for in the statutes, no such fees are collectible. We are in agreement with appellee particularly for the reason that the law of costs and fees is penal in nature and is to be strictly construed. Title 11, Section 1, Code of Alabama 1940, as Recompiled 1958, and Troup v. Morgan County, 109 Ala. 162, 19 So. 503.

Appellant has also attempted to analogize this proceeding with the filing of an appeal bond and pointed out that the Supreme Court had awarded attorney's fees to the successful party in the main case on appeal.

However, in the cited cases, the Supreme Court found that the sureties on the appeal bonds had bound themselves for all costs and *damages,* and apparently found that attorney's fees were part of the *damages.*

The bond in the case at bar does not contain the word *damages,* and we, therefore, conclude that the cited cases are not apt authority for the case at bar.

Appellant also cites us to a Kansas case, Jansky v. Baldwin, 120 Kan. 332, 243 P. 302, 47 A.L.R. 476, in support of his theory of this case; however, *Jansky,* supra, is an exception to the general rule, and, as we have previously mentioned, Alabama follows the general rule on the question. See Low v. Low, supra.

There being no error in the record of this case, it is affirmed.

Affirmed.