BRADLEY, Judge.
This appeal comes to us from the Circuit Court of Sumter County. Plaintiff initiated the action by filing a complaint against defendant alleging injuries resulting from a motor vehicle collision. The case was heard by the trial court without a jury. Evidence for the plaintiff was his own oral testimony and the oral testimony of a physician and the Alabama state trooper who investigated the accident. The defendant was not present at the trial; his evidence consisted of his deposition and those of his wife and the doctor who examined the plaintiff after the accident. The court found that the negligent operation of a vehicle by the defendant was the proximate cause of the injuries and damages sustained by the plaintiff, and that the amount of said injuries and damages was $500.00. Judgment was entered against defendant for that amount. Plaintiff appeals.
The dispositive issue presented for this court’s consideration is whether the evidence was sufficient to support the findings of fact by the court. We hold that it was and affirm.
Plaintiff (hereinafter appellant) and defendant (hereinafter appellee) were involved in a rear end collision on Rooster Bridge which spans the Tombigbee River separating Marengo County from Sumter County. Appellant was driving a tractor trailer approximately fifty to fifty-five feet in length which with its load weighed approximately 73,280 pounds. Appellee was driving a one-half ton pickup truck and towing a camper and travel trailer which he testified weighed approximately 12,000 pounds. Appellee was following appellant.
The collision occurred around 6:30 p. m. on May 7,1973. It was a rainy, drizzly day; there was no dispute that the road was wet and slick.
Testimony by both appellant and appellee was that both were traveling less than 25 m.p.h. due to the rain and narrowness of the bridge. As appellant was exiting from the west end of the bridge, a tractor trailer heading in an easterly direction began to move forward on the one-lane bridge; appellant applied his brakes and began slowing down. Appellee testified that he then applied his brakes, which caused his vehicle, camper and trailer to begin sliding across the metal grating of the drawbridge. Ap-pellee’s pickup truck collided with the rear of appellant’s trailer while appellant’s tractor and trailer were continuing to move in a westerly direction at a speed of 10 to 15 m.p.h.
The hood of appellee’s pickup truck slid beneath the rear end of appellant’s trailer, coming to rest with the end of the appel *1383 lant’s trailer lodged against the windshield of appellee’s truck. The appellee’s windshield was broken. The bumper of appellant’s trailer was torn off and the rear end door of the trailer had to be pried open; there was no other damage to the trailer.
Appellant testified that upon impact he briefly lost consciousness before getting out of his truck and that his neck felt swollen. Appellee’s deposition stated that immediately after the accident appellant had said he had felt a bump but did not know appel-lee’s vehicle was pinned beneath his trailer. Appellant also stated that he was not hurt. The Alabama state trooper who investigated the accident testified that he had no recollection of anyone telling him they were injured. Appellant declined to go to a hospital for a physical examination. After staying at the scene of the accident for approximately three hours, appellant returned to his truck and continued his journey to Jackson, Mississippi where he arrived late that same night.
On the day following the accident, appellant visited Dr. James D. Polk in Jackson, Mississippi who testified on deposition that appellant had complained of a headache and stiffness in his neck. He further stated that examination revealed muscular spasms in appellant’s neck; x-rays revealed a normal skull and a normal cervical spine. A muscle relaxer and mild pain medication were prescribed. Appellant was again examined by Dr. Polk on the following day. The doctor testified that his records indicated that the appellant was responding well to the medication and that he made no further complaints at that time. Appellant returned to work two weeks thereafter.
Appellant testified he continued to work as a truck driver for his company until December, 1973, when he was told that if he could not make long distance hauls, he would not be needed. Pain in his back and leg prevented appellant from continuing to make these long hauls, so he resigned his position with that company. In 1974 he was employed by a different trucking business which permitted him to make shorter hauls and to do odd jobs not requiring heavy manual labor in the freight yard. Appellant’s income during 1974 was half that earned in 1972 and in 1973.
Appellant worked for the second trucking company until January, 1975 when that company ceased operating. He stated that he remained unemployed from January, 1975 until approximately two weeks prior to trial when he had accepted employment as a supervisor in a lumber company.
On cross-examination appellant testified that after the accident he sought no medical treatment, other than visiting Dr. Polk, until June, 1974 when he consulted a physician and an orthopedic specialist. Both doctors prescribed medication for pain, but neither prescribed a back brace or suggested hospitalization. Appellant was referred to a neurosurgeon but declined to go; he sought further treatment from a chiropractor.
Appellant visited Dr. F. S. Whitfield, Jr., in September, 1974 and again in January, 1976, five weeks prior to trial. Dr. Whitfield testified at trial that his examination of appellant revealed strain in the muscles and ligaments along the backbone, the neck and upper back, and the thigh or hip region. He stated that the cause could be a severely strained ligament or muscle that had not returned to normal, or it could be a ruptured disk, which would require surgery. Dr. Whitfield stated that in his opinion appellant could no longer perform any heavy manual work nor could he drive a truck for any length of time. He further testified that appellant told him of the accident on May 8,1973, and that the pain had developed on the day of that injury. On cross-examination Dr. Whitfield admitted that he had never seen appellant prior to September 24,1974 and that he had no way of knowing appellant’s condition on the date of the accident or any time prior to his first examination of appellant.
The trial court awarded appellant $500.00 damages, the earnings lost by appellant during the two weeks immediately following the accident. Appellant claims that he *1384 is totally disabled, can no longer earn his living driving a truck, and therefore the judgment of $500.00 is so disproportionate to his injury that the trial court is due to be reversed. We cannot agree.
It is a well settled principle that where evidence is heard orally before the trial court, the finding of the court has the effect of a jury’s verdict and will not be disturbed on appeal unless plainly erroneous. A reviewing court must affirm the trial court’s decree if it is fairly supported by credible evidence under any reasonable aspect, regardless of the reviewing court’s view of the evidence. Chrisman v. Brooks, 291 Ala. 237, 279 So.2d 500 (1973); Lott v. Keith, 286 Ala. 431, 241 So.2d 104 (1970).
We cannot say in this instance that the trial court’s finding that the extent of appellant’s injuries and damages amounted to $500.00 was plainly erroneous. The fact that appellant continued to work for over a year after the accident and did not seek medical treatment during that time could reasonably support a conclusion that appellant’s unemployment in 1975 was not, as appellant contends, due solely to an injury he received in 1973. Nor can we say that $500.00 is unreasonable compensation for the two weeks appellant lost from work immediately after the accident in May, 1973. Appellant testified he was earning approximately $250.00 a week at that time.
Appellant also argues that appellee’s deposition testimony is not entitled to the same weight as that of a witness testifying personally, citing Mann v. Darden, 6 Ala.App. 555, 60 So. 454 (1912). The court there held it proper to charge the jury that the weight and credibility to be given the testimony of a witness testifying ore tenus is different from that given to the same testimony in written form.
The Mann case has long been discredited by Central of Georgia Ry. Co. v. Holmes, 223 Ala. 188, 134 So. 875 (1931) which criticized the charge in Mann on the ground it was a charge upon the effect of evidence. The better rule according to the later court is that testimony given in deposition form should receive the same fair and impartial consideration as if it had been given by witnesses in open court. Deposition testimony is to be taken with the same sanctity of an oath and is legal evidence to be given the same consideration as other testimony. Thus, there is no merit to appellant’s contention that appellee’s evidence is subject to less credibility merely because offered in deposition form.
Recognizing the right of the trial court to weigh the evidence and give credibility to the witnesses, we cannot hold that the evidence so plainly and palpably fails to support the findings as to require us to reverse the judgment of the trial court. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.