THOMPSON, Presiding Judge,
concurring as to the appeals and concurring in part and concurring in the result in part as to the cross-appeals. I concur in all aspects of the main opinion except that portion addressing the claim in the cross-appeals brought by Jamie Keeling (“Jamie”), individually and as personal representative of the estate of Rex George Keeling (“Rex’s estate”), for attorney’s fees to be included as part of the costs to be taxed against James W. Keeling (“James”), individually and as personal representative of the estate of Neita B. Keeling (“Neita’s estate”), in which I concur in the result.
In this instance, James and Neita’s estate failed to recover on their disputed claims against Jamie and Rex’s estate, and I agree with the holding in the main opinion that the trial court erred in failing to tax costs to James and Neita’s estate pursuant to § 43-2-354, Ala.Code 1975. I do not believe that attorney’s fees should be included as part of the costs to be taxed to James and Neita’s estate under the particular facts of this case for the following reasons.
Generally, “[ujnder Alabama law, costs do not include attorney fees.” Ex parte Habeb, 100 So.3d 1086, 1089 (Ala.Civ.App.2012). “The general rule ... is that attorney’s fees are not allowed as part of the costs of a proceeding unless so provided by contract, statute or recognized ground of equity.” Hogan v. State ex rel. Van Antwerp, 46 Ala.App. 240, 243, 240 So.2d 227, 229 (Aa.Civ.App.1970). “Generally, attorney fees are not recoverable as part of the costs.” Opinion of the Clerk No. 5, 347 So.2d 525, 527 (Ala.1977). “An exception is where the statute expressly authorizes the court ‘to tax as part of the costs in such suit or proceeding such reasonable attorney’s fee’....” Id.
In this case, however, I do not believe that it is necessary for this court to reach Jamie and Rex’s estate’s argument that § 43-2-354 should be construed to include the payment of attorney’s fees as part of the taxing of costs, because I believe that, *773 under the facts of this particular case, Jamie and Rex’s estate failed to properly preserve this issue for appellate review. Jamie and Rex’s estate failed to submit any evidence to the trial court as to the amount of attorney’s fees or to request an evidentiary hearing on the issue. Jamie and Rex’s estate did not specify the amount of the requested attorney’s fees in their motion (and renewed motion) for costs. They failed to submit any evidence or to make an offer of proof regarding the amount of attorney’s fees they claimed should have been taxed as part of the costs of the proceedings. An appellate court is bound by the record. Ex parte Pike Fabrication, Inc., 859 So.2d at 1089, 1091 (Ala.2002). An appellant’s failure to make an offer of proof in the trial court relating to excluded evidence precludes appellate review of the trial court’s refusal to allow such evidence. Thompson v. Patton, 6 So.3d 1129, 1138 (Ala.2008); Burkett v. American Gen. Fin., Inc., 607 So.2d 138, 139-40 (Ala.1992).
Jamie and Rex’s estate presented only legal arguments to the trial court in support of their assertion that costs under § 43-2-354 should be construed to include the payment of attorney’s fees; they did not attempt to introduce any evidence as to this issue. Because attorney’s fees generally are not included as part of costs, I would hold that Jamie and Rex’s estate should have specified the amount of the requested attorney’s fees in their motion (and renewed motion) for costs, with supporting evidence, or, at a minimum, they should have requested an evidentiary hearing on the issue. Based on the foregoing, I would hold that this issue has not been preserved for appellate review.[8] Because I believe that this issue has not been properly preserved for our review, I express no opinion as to the issue whether the payment of attorney’s fees should be included as part of the costs recoverable under § 43-2-354 when a claimant fails to recover on a disputed claim filed against an estate.
In all other aspects, I concur in the main opinion.

. I also note that, in their reply brief, Jamie and Rex's estate argue that,
"unlike a trial court’s erroneous refusal to admit evidence regarding a claim that is still open for determination by the trier of fact, which requires a proffer to preserve, when a trial court erroneously denies a claim for attorneys’ fees, on appeal the appellate court should remand for the trial court to receive evidence as to a reasonable attorneys’ fee.”
In support of this argument, they cite CH2M Hill Southeast, Inc. v. Sanders Lead Co., 450 So.2d 450 (Ala.1984), in which our supreme court, after noting that the contract at issue called for the losing party to pay reasonable attorney’s fees and further noting that it was unclear from the record exactly what had transpired regarding this matter, ”remand[ed] for a hearing to receive evidence as to a reasonable fee for plaintiff's attorney.” Id. at 451.
However, assuming without deciding that CH2M Hill is applicable to the facts of this case, I believe that the citation to that case comes too late because it was cited for the first time in Jamie and Rex’s estate’s reply brief. Rule 28(a)(10), Ala. R.App. P., requires compliance with the rule in an appellant’s initial brief, and arguments made for the first time in the reply brief are not to be addressed by the appellate courts. See Meigs v. Estate of Mobley, 134 So.3d 878, 889 n. 6 (Ala.Civ.App.2013) (citing Huntley v. Regions Bank, 807 So.2d 512, 516 n. 2 (Ala.2001)); see also L.J.K. v. State, 942 So.2d 854, 868-69 (Ala.Crim.App.2005) (Rule 28(a)(10) requires citations to legal authority and specific allegations relating to ineffective assistance of counsel to be made in the appellant’s initial brief; such citations and specific allegations may not be included for first time in the reply brief).